Argued January 20, affirmed March 5, petition for rehearing denied April 7, 1970. Petition for review denied by Supreme Court May 12, 1970

# STATE OF OREGON, *Respondent, v.*
# GLENN EARLE NEWCOMER,
## *Appellant.*

**465 P2d 916**

*Vincent G. Robeson,* Lake Oswego, argued the cause for appellant. With him on the briefs was Ralph G. Monson, Lake Oswego.

*Billy L. Williamson,* Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

### BRANCHFIELD, J.

Defendant was found guilty by the court without a jury of being an ex-convict in possession of a firearm. He has appealed, assigning as error the trial court's denial of a motion to suppress the weapons seized during a search of his person at the time of his arrest.

On the 26th day of January, 1967, two officers of the Portland Police Department arrested the defendant upon a charge of unlawful flight to avoid prosecution. He was immediately searched and two loaded guns, a .38 caliber revolver and a .25 caliber weapon, were removed from his person. In making the arrest the officers were relying upon the information contained in two teletype messages received from police agencies. One of these, from the Longview, Washington police department, stated that the sheriff of Cowlitz County, Washington had an outstanding warrant for defendant's arrest on a charge of grand larceny. The other was a Federal Bureau of Investigation teletype naming certain persons, including defendant,

wanted as federal fugitives for unlawful flight to avoid prosecution.

Defendant's position is that the arrest, effected without a warrant, was illegal, thus voiding the search and seizure. The state contends that the arrest was lawful under ORS 133.310. The pertinent portion of that statute provides:

> "A peace officer may arrest a person without a warrant:
>
> "* * * * *
>
> "(4) When he is notified by telegraph, telephone, radio or other mode of communication by another peace officer of any state that such peace officer holds in his hands a duly issued warrant for the arrest of such person charged with a crime committed within his jurisdiction."

There can be no doubt that if the arrest was illegal, it can provide no legitimate foundation for a search. *State v. Krogness,* 238 Or 135, 388 P2d 120 (1964). On the other hand, it is equally true that a search incident to a lawful arrest will be upheld. *State v. Chinn,* 231 Or 259, 373 P2d 392 (1962).

■ The purpose of ORS 133.310(4) is to allow police to cooperate with and assist fellow officers of this or other states in the swift apprehension of wanted criminals, and to reasonably insure that police officers of this state will not arrest on mere suspicion, "* * * but must have *reasonable and presumably verifiable* grounds that a warrant has in fact been issued before making an arrest." *State v. Roderick,* 250 Or 452, 455, 443 P2d 167 (1968). (Emphasis supplied.) To this end, the legislature did not intend a restricted construction of the statute.

■ Where circumstances exist, as they did in this

case, from which a reasonably prudent law enforcement officer may formulate the reasonable belief that there was a duly issued warrant for the arrest of a person charged with a crime in another jurisdiction, an arrest is justified under ORS 133.310(4).

The judgment below is affirmed.