Argued October 5, affirmed November 5, petition for rehearing
denied November 29, 1973, petition for review
denied February 12, 1974

STATE OF OREGON, *Respondent, v.* HARRY
EARL WALDEN (No. 16-275), *Appellant.*
515 P2d 407

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

Defendant appeals from conviction of burglary in the second degree. ORS 164.215. His sole assignment of error is that his motion to suppress evidence should have been sustained.

Defendant, one of three occupants in a bluish-colored 1965 Ford, was arrested by a police officer about two miles south of Cloverdale in Tillamook County in the before-dawn hours of November 10, 1972. Shortly before that, a householder near a drugstore in Cloverdale had heard a burglar alarm sound in the store. He observed a car which he later said "looked

like" the Ford leave on the highway south after two persons had come out of the store. He saw one of them get in the Ford. He reported his observations by telephone to police, resulting in a deputy sheriff's being alerted in Woods, four miles south. This deputy started toward Cloverdale, saw no other vehicles except a Volkswagen and the Ford together, pursued the Ford and stopped it. These are small, unincorporated towns and the area is rural. The result was that all three occupants of the Ford were arrested and taken to jail at Tillamook about 22 miles away. The Ford was locked and left along the roadway.

The deputy and other officers investigated the burglary of the store, which had been entered by boring holes in the wood wall and then cutting out a larger hole. Later in the day the deputy and another officer returned to the Ford, and, preparatory to storing it, they inventoried its contents.

As testimony was taken on the motion to suppress, the attorneys did not ask questions to show whether items taken as evidence during this inventory were in plain view. A copy of a "vehicle tow request" signed by the officers is in the record. It lists 40 items with the following "taken as evidence": ·

> "* * * * *
> "(Glove Box area)
> "* * * * *
> "8. 1 solid state 'AFCO' brand 100 MW CB Radio
> "* * * * *
> "(Front seat area (under))
> "* * * * *
> "10. 1 solid state * * * Radio
> "* * * * *

"11. 1 large 'Great Neck' brand screwdriver
"* * * * *

"12. 2 small wood chips * * *
"* * * * *

"(On Floor between Front and Back seat)
"* * * * *

"18. 1 Laundry bag * * *
"* * * * *

"19. 1 solid state * * * Radio
"* * * * *

"20. 1 pair Dk. Brown cotton gloves—wet
"* * * * *

"21. 1 small wood chip * * * "C
"* * * * *

"(Rear Seat Area) under

"22. 1 * * * wood drill * * *
"* * * * *

"23. 1 * * * wood bit * * *
"* * * * *"

In *State v. Keller*, 265 Or 622, 510 P2d 568 (1973), the Oregon Supreme Court held that inventory seizures from vehicles, about to be stored by police, of evidence that is in "plain view" are reasonable. Inventory searches that are made into closed areas not in plain view in the vehicle are unreasonable. The paucity of evidence in the case at bar on the subject of plain view of the 10 items seized leaves serious question whether the inventory search was reasonable as to them. In *State v. Childers*, 13 Or App 622, 511 P2d 447, Sup Ct *review denied* (1973), we held that, inasmuch as warrantless searches are per se unreasonable, the state has the burden of proving an item was in plain view if seized in a vehicle inventory search with-

out warrant. We must conclude that the state did not carry such burden in the case at bar. Further, there was no reason why a warrant should not have been obtained while the officers were at Tillamook, the county seat, before returning to the vehicle. No evidence of exigent circumstances was given as a reason for the search.

The search at bar may be justified, however, on the basis of *State v. Keith,* 2 Or App 133, 465 P2d 724, Sup Ct *review denied* (1970). On p 146 thereof we said:

> *"Cooper* [Cooper v. California, 386 US 58, 87 S Ct 788, 17 L Ed 2d 730 (1967)] has been construed by the Oregon Supreme Court in *McCoy* [State v. McCoy, 249 Or 160, 437 P2d 734 (1968)] as holding that when a vehicle has been seized as the instrumentality of a crime it may thereafter be lawfully examined (searched) for further evidence of that crime without the necessity of obtaining a search warrant * * *."

Accordingly, in *Keith* we approved a warrantless search of a vehicle, which was an instrumentality of a crime, for evidence of the crime where there was an arrest of the occupants. The vehicle had been taken to the police station before the search occurred. *Keith* was decided in March 1970; *Chambers v. Maroney,* 399 US 42, 90 S Ct 1975, 26 L Ed 2d 419 (1970), was decided in June 1970. In *Chambers* a warrantless search of a vehicle for evidence of the crime was approved, after its occupants had been arrested for robbery. The vehicle was an instrumentality of the crime and was driven to the police station after the arrest and thoroughly searched. It is obvious that a warrant could have been obtained before that search was made.

In the case at bar, the vehicle was locked and left at the place of defendant's arrest while all of its occupants were returned to the scene of the crime and

then on to jail. A warrant for its search was not obtained, but it was searched when the arresting officer got back to it. It had been identified by the witness who saw it leave the scene of the crime. It was an instrumentality thereof. On the basis of *McCoy, Keith,* and *Chambers* we hold that the search was not unreasonable, and the ruling on the motion to suppress was correct.

Affirmed.