Argued July 15, reversed and remanded September 9,
reconsideration denied October 22, petition
for review denied November 19, 1974

STATE OF OREGON, *Respondent, v.* DENNIS
LOWRY CHILDERS (No. 72-716-C), *Appellant.*

526 P2d 446

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and TANZER, Judges.

## LANGTRY, J.

This is the second appeal from orders denying motions to suppress evidence for alleged illegal search for and seizure of narcotics in defendant's automobile. In each instance the appeal came after conviction. The first appeal was decided by this court in *State v. Childers,* 13 Or App 622, 511 P2d 447, Sup Ct *review denied* (1973). The background facts reported in that case are adequate for our following discussion in this case.

Our former decision reversed the trial court's order denying the motion to suppress and remanded the case for further proceedings. After the case returned to the trial court the motion to suppress was renewed and was heard by the judge again. In our former decision we said that because the drugs were discovered by the deputy sheriff who arrested defendant for traffic violations when the deputy made an inventory search of the car, during which he lifted up a sleeping bag, disclosing the drugs, the search was illegal. This was because the drugs were not in plain sight and it was even possible to believe, under the deputy's testimony, that the drugs were concealed inside the bag. When the court retried the motion to suppress, the deputy testified in greater detail, this time saying:

> "I merely reached over the back of the front seat and picked up the end of the sleeping bag on

that end and folded it back to see if there was anything underneath of value, folded it back towards the rear of the station wagon."

With this additional evidence, the trial court again denied the motion to suppress.

Two questions are raised in this appeal: (1) whether our adjudication of the former motion to suppress rendered that question res judicata so that the motion could not be retried and reconsidered, and (2) whether, if the motion could be retried, there was sufficient additional evidence to support the court's ruling.

## I.

■ We think the answer to the first question is found in *State v. Roderick,* 243 Or 105, 412 P2d 17 (1966), 243 Or 438, 414 P2d 351 (1966), and 250 Or 452, 443 P2d 167 (1968). There had been a search and seizure of a weapon. In the first case the Supreme Court held that the arrest which resulted in the search and seizure was illegal and that the weapon was therefore inadmissible as evidence. In a clarification of the mandate in the first case, the court explained:

"Our purpose in remanding the case for further proceedings in conformity with the opinion of the court, was to order a new trial. The judgment of conviction was reversed because of the erroneous denial of defendant's motion to suppress as evidence a pistol taken in a search made pursuant to an arrest which, on the record then before us, we found to be illegal. On another trial, if the evidence as to the arrest is no different, the pistol, of course, should be excluded; otherwise the question of its admissibility will be at large." 243 Or at 439.

In the second appeal of *Roderick* the court said:

"The facts now before this court disclose * * * the Portland City Police * * * telephoned * * *

the Idaho State Police * * * and inquired if there was a felony warrant outstanding for the defendant in Idaho. * * * [The Idaho police] advised the Portland police that there was such an outstanding felony warrant for the arrest of the defendant * * *." 250 Or at 453-54.

The court went on to hold that with this additional information the introduction of the weapon in evidence was justified because the arrest and subsequent vehicle search were legal. We are required to hold on the basis of the *Roderick* cases that the trial court properly allowed a renewal of the motion to suppress and was correct in taking additional evidence with reference thereto.

## II.

■■ In our first decision in the case at bar we pointed out that the trial court had upheld the search on the basis of this court's opinion in *State v. Keller,* 9 Or App 613, 497 P2d 868 (1972), but that this court's decision in that case was in the interim reversed by the Oregon Supreme Court in *State v. Keller,* 265 Or 622, 510 P2d 568 (1973). Our decision in the first appeal at bar was dictated by the Oregon Supreme Court's opinion in *Keller.* In it the Oregon Supreme Court specifically adopted the "better reasoning" of *Mozzetti v. Superior Court,* 4 Cal 3d 699, 94 Cal Rptr 412, 484 P2d 84 (1971), and quoted language therefrom:

" '* * * Any objects clearly visible without probing—including the suitcase in this instance— may be listed in an inventory or other police report. (See Harris v. United States (1968) supra, 390 U.S. 234, 236, 88 S. Ct. 992, 19 L. Ed2d 1067. What concerns us here is the reasonableness of the search *into* the closed suitcase.

" '* * * Thus we find unpersuasive the con-

tention made by the People that the inventory of contents not within plain sight is reasonable because it is necessary to protect the property for the benefit of the vehicle owner.' (Emphasis theirs.) 4 Cal 3d at 707-08, 94 Cal Rptr at 417, 484 P2d at 89." 265 Or at 627.

At two places in *Mozzetti* the Supreme Court of California noted that if the police wanted to protect the vehicle's contents, all they had to do was roll up the windows of the car and lock it. If they were suspicious and wanted to search it, they should have gotten a warrant. Of course, suspicions in such a situation would have to amount to probable cause that could pass muster before a magistrate. It is "probing" upon mere suspicion that is the basis for rejection of contraband in evidence under this line of cases. A reading of the entire record at bar (*see State v. Childers,* supra) indicates that was the real reason for the search. Searches without a warrant are prima facie unreasonable.

The presumption against the reasonableness of the search simply was not met by the evidence.[1]

Reversed and remanded.

---

[1] We are aware of comments that State v. Keller, 265 Or 622, 510 P2d 568 (1973), often cited in text, is an adoption in Oregon of the position of a small "minority of states," Note, *State v. Keller: Oregon Adopts a New Rule for Automobile Inventory Searches,* 10 Will L J 272 (1974), and that it may be running counter to current trends of United States Supreme Court decisions. *See* concurring opinion in State v. Williams, 17 Or App 513, 522 P2d 1213 (1974). We are bound by the decision in *Keller*. *See also,* Cardwell v. Lewis, 417 US 583, 94 S Ct 2464, 41 L Ed 2d 325 (1974), which is distinguishable on its facts from the instant case.