Argued April 24, reversed and remanded June 20, 1978

STATE OF OREGON, *Appellant,*
*v.*
MARGARET EILEEN CROCKETT, *Respondent.*
(Case No. B38-381, CA 9526)
580 P2d 214

Gregory E. Veralrud, Certified Law Student, Eugene, argued the cause for appellant. With him on the brief were J. Pat Horton, District Attorney for Lane County and Frank R. Papagni, Jr., Assistant District Attorney, Eugene.

R. Glenn Mitterman, Eugene, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Defendant was charged with theft in the second degree. ORS 164.045. She moved to suppress items seized as a result of a warantless search of her automobile after it had been stopped by a police officer. The motion was granted and the state appeals.

The defendant has effectively conceded that the stop was valid by not raising any substantial claim that it was invalid. Her argument that the search was invalid rests on an assumption that the stop was lawful. The officer stopped defendant and her companion on the basis of a radio bulletin issued by the police dispatcher. The dispatcher had received a call from a security guard at a local shopping center, who reported a possible theft and gave a description and license number of the car in which the suspects had left the center. The precise content of the initial message from the security guard to the dispatcher was not clearly established. She contends that the detention and questioning which followed the stop and preceded the search were unreasonable and that the search was conducted without probable cause.

Defendant's car matched the description given by the security guard. The stop was made near the shopping center just after the initial bulletin concerning the theft had been broadcast. Defendant and her companion admitted that they had been at the shopping center. While the first officer questioned defendant, another officer relayed to him additional information from the security guard as it was broadcast. The officer did not recall precisely when he received the various bits of additional information; he testified that messages were given to him almost continuously from the time of the stop until the time of the search, which took place 20 to 30 minutes later. It is clear, however, that prior to the search the officer had at least the following information: The security guard had seen two persons putting in the described car several items of ladies' underclothing which were not in bags and

which bore full, intact price tags; he considered those items to have been stolen. After receiving that information, the police officer asked defendant if she had in the car any articles of ladies' clothing which were unbagged and which bore full price tags. She produced two "nighties." Shortly thereafter the officer asked for permission to search the car. Defendant denied the request. The officer searched the car anyway and found other clothing of the type the guard had described.

■ ORS 131.615 provides:

"(1) A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that he is a peace officer, make a reasonable inquiry.

"(2) The detention and inquiry shall be conducted in the vicinity of the stop and for no longer than a reasonable time.

"(3) The inquiry shall be considered reasonable only if limited to the immediate circumstances that aroused the officer's suspicion."

The inquiries in this instance concerned only the reported theft. Defendant and her companion admitted that they had been at the shopping center. Although defendant told the officer that she had gone to the shopping center to exchange something, the initial report, along with the information the officers were receiving, justified the continued questioning and the time it took.

■ Defendant argues that at the time the car was searched the police officer did not have probable cause to believe that she had committed a crime and that fruits of the crime would be found in the car. She contends that the officer should be placed in the position of the security guard, who she argues had no more than a suspicion that a theft had been committed. We do not agree with that approach. Probable cause need not be based upon the personal observations of a police officer. Statements of a reliable informant may be a sufficient basis for a search. The

decisive question in such cases is whether the information disclosed by the informant is specific and reliable enough to constitute probable cause. *State v. Poole,* 11 Or App 55, 500 P2d 726, *rev den* (1972).

■ Defendant concedes that the security guard's report was reliable. She contends only that the content of the report was inadequate. Probable cause means "a well-warranted suspicion." *State v. Willis,* 24 Or App 409, 412, 545 P2d 1392, *rev den* (1976). It requires "substantially less than proof beyond a reasonable doubt, but something more than a mere possibility." *State v. Feehely,* 27 Or App 343, 347, 556 P2d 142 (1976), *rev den* (1977). The information relayed to the officer[1] and corroborated by the "nighties" given to the officer by defendant gave the officer probable cause to search the car.

■ The trial court considered it significant that the theft had not been confirmed by the department store in which it had allegedly occurred. Considering the difficulty in confirming that a few articles of ladies' underwear were missing from such a store, it would be unreasonable in circumstances such as this to require such confirmation before the automobile could be searched. *See State v. Diaz,* 3 Or App 498, 473 P2d 675, *rev den* (1970), in which we held that a search was valid although the informant stated only that he had in his possession "what appeared" to be or what "looked like" heroin, noting that "only a laboratory technician can positively affirm that a substance that appears to be heroin is in fact heroin." 3 Or App at 502.

The order of the trial court suppressing the evidence seized from the car is reversed and the cause remanded for trial.

Reversed and remanded.

---

[1] It was not necessary that the underlying observations of the security guard be communicated to the officers at the scene. It would have been sufficient, for example, if the police dispatcher had received that information and had radioed the officers at the scene to search the automobile for stolen ladies' underclothing. *State v. Mickelson,* 18 Or App 647, 526 P2d 583, *rev den* (1974).