Argued and submitted March 19, affirmed June 16, 1980

STATE OF OREGON,
*Appellant,*
*v.*
THOMAS E. THIRDGILL,
*Respondent.*

(No. DA 148345-7804, CA 16155)

613 P2d 44

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Steven V. Humber, Portland, argued the cause for respondent. With him on the brief was Danner & Humber, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

The state appeals from the trial court's order sustaining defendant's motion to suppress evidence obtained as a result of a warrantless search. The issue is whether the court erred in ordering the suppression based on its conclusion that the "inventory search" of defendant's car trunk was unreasonable.[1]

On March 31, 1978, police officers were dispatched to a restaurant in Portland to investigate a theft of services. The manager advised the officers that defendant had ordered breakfast — a $1.70 order of waffles, had consumed the meal and then had said he could not pay for it. The officers asked defendant to step outside the restaurant, where he was searched, placed in handcuffs and put in a police car parked directly in front of the restaurant.

The officers became aware that defendant's car was in the restaurant's parking lot.[2] It was lawfully parked five or six spaces distant from the officers' car. Its doors were locked, as was the trunk, but one window was broken out. The officers obtained the car keys in the search of defendant and proceeded to conduct a search of the car.

Several articles of clothing and a television set were visible in the interior of the car. Some but not all of the articles found in the interior were itemized on the vehicle report. One officer unlocked and opened the trunk of the car. In it he found six telephones, which were labelled "not for sale" and "property of Bell

---

[1] The court concluded:

"*** If the search is justified at all it would have to be on the basis of a routine inventory search. The court concludes that the search of the trunk under the circumstances of this case was unreasonable. ***"

[2] The record is not clear as to how the officers learned that defendant's car was present, and they testified at the suppression hearing that they could not remember how they came to know. One officer stated that "defendant possibly said" he was living in his car. The trial court found that defendant did not identify the car as his own, willingly surrender his keys to the car nor consent to its search.

Telephone." The telephones' wires appeared to have been ripped out of installed connections. They were seized. Defendant was indicted for theft of the phones. ORS 164.045.

The state seeks to justify the search of the locked trunk on the basis that the telephones were discovered in the course of a valid inventory search of a legally impounded vehicle. Defendant contends that an inventory search was not justified, that the vehicle was not lawfully impounded, and that, in any event, the scope of an inventory search does not extend to a locked trunk.

The Supreme Court in *Cady v. Dombrowski,* 413 US 433, 93 S Ct 2523, 37 L Ed 706 (1973), noted that, as a part of the police "community caretaking functions," automobiles are frequently taken into police custody. Following a lawful impoundment, under *Dombrowski,* police may conduct a good faith inventory search without first obtaining a warrant. Routine police practice of securing and inventorying a vehicle's contents to protect the owner's personal property and to protect the police from claims for lost or stolen property or to protect them from potential danger was upheld in *South Dakota v. Opperman,* 428 US 364, 96 S Ct 3092, 49 L Ed 2d 1000 (1976).

Inventory searches are warrantless searches and are *per se* unreasonable, so the state bears the burden of justification. *Coolidge v. New Hampshire,* 403 US 443, 91 S Ct 2022, 29 L Ed 564 (1971). In this instance the state relies on *State v. Keller,* 265 Or 622, 510 P2d 568 (1973).[3] The court there described the case as involving "a lawful arrest followed by a reasonably required inventory search of the car's contents preparatory to having the automobile towed away and

---

[3] The state also relies on *State v. Crosby,* 35 Or App 617, 582 P2d 40, *rev den* 285 Or 319 (1979), for the proposition that a locked trunk may be opened during an inventory search. We need not address the proper scope of a lawful inventory search because of our determination that impoundment was not reasonably required in this instance.

impounded." 265 Or at 624. The court did not say why the inventory was "reasonably required," but the facts reveal that the defendant was stopped while driving by officers who knew that her license had been suspended two weeks earlier. They determined that her license was still suspended and placed her in custodial arrest. Her only passenger was intoxicated, and he was also arrested.

Under those facts, the court concluded that an inventory search of the car's contents was "reasonably required" prior to having the vehicle towed off the street and impounded. In *State v. Weeks,* 29 Or App 351, 563 P2d 760 (1977), we concluded that the impoundment of a vehicle was a reasonable police procedure, until such time as the owner could be notified, where the legal owner was not present and no one who was present could establish that the car was in his possession with the consent of the legal owner. *See State v. Childers,* 13 Or App 622, 511 P2d 447, *rev den* (1973); *on remand,* 18 Or App 564, 526 P2d 446 (1974).

In this instance, defendant's automobile was located in a parking lot used exclusively for the restaurant's customers. That was not a situation where the car had to be removed from a public highway *(Cady v. Dombrowski, supra);* it was not unattended, obstructing traffic or illegally parked *(South Dakota v. Opperman, supra);* nor was there any indication that the vehicle had been stolen or used in the commission of a crime so that its retention as evidence was necessary. *Cf. State v. Walden,* 15 Or App 259, 515 P2d 407 (1973), *rev den* (1974) and *State v. Brewton,* 19 Or App 899, 529 P2d 967 (1974), *rev den, cert den* 423 US 851, 96 S Ct 95, 46 L Ed 2d 74 (1975) (where the officers had probable cause to search the vehicles). No doubt was raised as to the ownership of the car. *State v. Weeks, supra; see State v. House,* 21 Wash App 30, 584 P2d 410 (1978). No one asked that the car be removed.

Under the circumstances, impoundment of defendant's vehicle was not called for. The inventory search of the vehicle was unlawful, and evidence obtained as a result was properly suppressed.

Affirmed.