# STATE OF OREGON,
*Respondent,*

*v.*

# KENNETH JEROME LEE,
*Appellant.*

## (No. C 78 03 03535, CA 16316)

619 P2d 292

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

Brenda J. Peterson, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James M. Brown, Attorney General, John McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Scott McAlister, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

Gillette, P. J., concurring opinion.

## ROBERTS, J.

Defendant seeks reversal of his conviction for theft in the first degree, ORS 164.055, alleging that the trial court erred in denying his motion to suppress evidence obtained from his vehicle and in admitting evidence of other crimes over his objection.

Police stopped defendant's car at night on a street in downtown Portland for making an illegal turn and proceeding the wrong way on a one-way street. A routine check showed there was an outstanding felony warrant for defendant's arrest from Columbus, Ohio. He was then arrested on a fugitive warrant and placed in the back of the police vehicle. The officers, having decided to have defendant's vehicle impounded, went back to inventory its contents. They saw a leather coat and a portable television on the back seat and removed these items from the car. They noticed that the coat still had sales tags attached and that the serial number of the television had been removed. Suspecting that the coat was stolen, they returned to the police vehicle and advised defendant of his *Miranda*[1] rights. Defendant told them that the coat had been left in his car by a man he had picked up at a cafe.

The officers then returned to defendant's car, took the key from the ignition and opened the trunk. Inside they found two large green plastic bags overflowing with items of women's clothing, which were on clothes hangers and had sales tags attached indicating they had come from Lipman's, Nordstrom's and Meier and Frank's stores. Asked for an explanation for the items, defendant claimed he had nothing to say. He was charged with theft of more than $200 worth of clothing from Nordstrom's store only and found guilty. We affirm.

On appeal, the state for the first time asserts that since defendant did not express a possessory interest in the clothing seized, he has no standing to challenge the search. Where the state failed to challenge defendant's right to contest the search and seizure below, it cannot raise the issue for the first time on appeal. *State v. McMurphy,*

---

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966).

48 Or App 327, 616 P2d 1208 (1980). We do not consider it.

The state attempts to justify the search of the interior of defendant's car as a routine inventory search for the protection of defendant's property, and the search of the car's trunk on two theories: as a routine part of the standard inventory search under prevailing Portland police practices, or, alternatively, as a probable cause search justified by the officers' reasonable suspicion that the coat removed from the back seat of the car was stolen.

■ Defendant at trial conceded that the state had a right to make the inventory search:

> "THE COURT: * * * Number one, as I understand it, the defense has not challenged the right of the state to make an inventory search. Under the circumstances, as I understand [defense counsel's] position, is that although the state has a right to make an inventory search, the circumstances where the vehicle was going to be towed, no one else takes custody of the vehicle,[2] and they have, of course, a proper base, to arrest the defendant in this case; that they can make the search, but they could not move the items in the backseat of the car to look at them and check. And I guess it is your position that although they could search the trunk as part of the inventory, that they could not seize the items in the trunk because there wasn't probable cause to believe that they constituted evidence of a crime; is that your position, Mr. Ferguson?
>
> "MR. FERGUSON: Yes, Your Honor.
>
> "THE COURT: The position that you are taking?
>
> "MR. FERGUSON: Yes Sir."

The court then denied the motion to suppress. Once defendant has conceded at trial that the search of the car was a proper inventory search, he cannot, on appeal, argue to the contrary. *State v. Cameron,* 22 Or App 85, 87, 538 P2d 94 (1975).[3]

■ We turn to defendant's argument that, under *State v. Childers,* 18 Or App 564, 526 P2d 446 *rev den* (1974), and *State v. Weeks,* 29 Or App 351, 563 P2d 760 (1977), the inventory search of the interior of the car should have been

---

[2] Defendant does not challenge the impoundment of the vehicle.

[3] Also, since the search was accepted as an unchallenged inventory search, it is not necessary to consider defendant's arguments that the search was not one justified by probable cause nor incident to arrest. The state never contended the search was one incident to arrest.

limited to a listing of the items in plain view and that the officers were not authorized to lift or move the objects to identify them further. Defendant misinterprets *Childers* and *Weeks.* Both cases hold that officers may not move an object in plain view in order to discover *other* objects of which their view is obstructed.[4] That is not the situation in this case. Defendant has cited no cases holding that police may not move or examine an object in plain view during their inventory search. Under the facts of this case, taking into account the value of the items involved, we believe it was reasonable for the officers to remove the items and look for further identifying marks in order to accurately identify them for safekeeping. We need not decide whether the tags attached to the coat, coupled with the missing serial number of the television and defendant's explanation for the coat's presence in his car, amounted to probable cause to search the trunk for other stolen items, because of defendant's concession at trial that the trunk search was proper as an inventory.

The remaining issue to be decided regarding the seizure of evidence from the car is whether, after opening the trunk and observing the plastic trash bags stuffed with women's clothing, the officers had a right to seize them as evidence of a crime. Both officers testified they observed clothes hangers and sales tags attached to the clothing indicating it came from various Portland department stores. One officer stated he could see perhaps ten sales tags in view in the trunk; the second officer saw only one set. Both testified they had experience with shoplifting assignments and believed that if the items had been sold, two sections of each three-section tag would have been removed, and that the tags they saw were intact.

Probable cause means a "well-warranted suspicion." *State v. Crockett,* 34 Or App 1019, 1023, 580 P2d 214 (1978); *State v. Willis,* 24 Or App 409, 412, 545 P2d 1392 *rev den* (1976). We find that experienced police officers under these facts might reasonably suspect that the items of

---

[4] In *Childers,* a deputy searching the back of a station wagon lifted up a sleeping bag, disclosing drugs which were held not admissible. In *Weeks,* a gun found by an officer who looked into the space between the auto's floorboard and the passenger seat was found admissible, since nothing was moved or opened by the officer prior to his observation of the weapon.

clothing with hangers and tags attached, stuffed into trash bags, were stolen. They thus had probable cause to seize them. No exigent circumstances were required. Once the officers opened the trunk, which defendant conceded they had a right to do, the clothing was in plain view. Evidence of other crimes found in plain view during the course of a lawful police inventory of a vehicle may be seized, whether or not the crime is related to the offense for which the arrest is made. *State v. Brewton,* 19 Or App 899, 529 P2d 967 (1974), *cert den* 423 US 851, 96 S Ct 95, 46 L Ed 2d 74 (1975); *State v. Raiford,* 7 Or App 302, 490 P2d 1036 (1971). *See* 2 La Fave, Search and Seizure: A Treatise on the Fourth Amendment, 594-95, § 7.5(b) (1978).

Defendant's other assignment of error challenges the admission of evidence of other crimes. Defendant was indicted only for theft of more than $200 worth of clothing from Nordstrom's. The state placed in evidence seven coats from Nordstrom's which were taken from the trunk of defendant's car, and also seven other coats and articles of clothing, from the Meier & Frank, Lipman's and Charles F. Berg stores, and testimony by personnel from these stores identifying the merchandise. Defense counsel objected that such evidence was irrelevant to the crime charged and prejudicial. We disagree.

It is a general rule that evidence of crimes or bad acts, other than that for which defendant is charged, may not be offered. This is an acknowledgment that the danger of prejudice to the defendant outweighs any probative value such evidence might have. *See State v. Manrique,* 271 Or 201, 206, 531 P2d 239 (1975), citing McCormick on Evidence, 447-73, §§ 190, 197, 198 and 200 (2d ed 1972). This general rule is subject to exceptions, and the state in this case argues that evidence of defendant's possession of other stolen goods is admissible under two of these exceptions: (1) to complete the story of the crime by proving its immediate relationship to other happenings near in time or place, and (2) to show, by similar acts or incidents, that the act on trial was not inadvertent, accidental, unintentional or without guilty knowledge. The trial court found the evidence admissible as tending to show defendant's knowledge that the clothes from Nordstrom's were stolen.

In order to be relevant, the evidence must establish some fact or inference the state is entitled to prove. *State v. Hockings,* 29 Or App 139, 145, 562 P2d 587 (1977), *cert den* 434 US 1049, 98 S Ct 899, 54 L Ed 2d 802 (1978). In this case, the state was required to prove that defendant was knowingly in possession of stolen property from Nordstrom's. Evidence that his trunk also contained stolen property from other stores indicates that the presence there of goods stolen from Nordstrom's was not accidental. We said in *State v. Mathews,* 22 Or App 128, 538 P2d 370 (1975),

"* * * where the possession of other stolen goods is under circumstances which form the basis for a sound inference of guilty knowledge of the defendant in the transaction under inquiry, evidence of those facts is admissible. *State v. Goldstein,* 111 Or 221, 226, 224 P 1087 (1924); McCormick, Evidence 450, § 190 (hornbook series, 2d ed 1972); II Wigmore, Evidence 192, § 300 (3d ed 1940). *See also State v. Manrique, supra; State v. Holmes,* 22 Or App 23, 537 P2d 566, Sup Ct *review denied* (1975). * * *" 22 Or App at 130.

The evidence was properly admitted. The judgment is affirmed.

Affirmed.

**GILLETTE, P. J.,** concurring.

I join in the opinion of the court, save for its treatment of the removal of the yellow coat and the portable television from the back seat by the officers. In my view, this action was too intrusive to be characterized as "inventory search" and, had nothing else occurred thereafter, I would hold that seizure to be unlawful. *See, e.g., State v. Weeks,* 29 Or App 351, 563 P2d 760 (1977).

However, something else did occur: the inventory of the trunk. Because, as the court's opinion demonstrates, the inventory of the trunk and the resulting seizure of clothing from it were proper under the peculiar facts of this case, I believe that seizure of the items from the back seat would have inevitably (and properly) occurred thereafter.

I concur.