Argued September 5, affirmed November 21, 1974

SHROCK, *Respondent, v.* GOODELL, *Appellant.*
528 P2d 1048

*Gerald R. Pullen,* Portland, argued the cause and filed a brief for appellant.

*Thomas O. Carter,* Portland, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

## SLOPER, J. (Pro Tempore)

This is an appeal by defendant, Jeffrey Goodell, from a judgment in favor of plaintiff, Loren E. Shrock, in the amount of $10,000, general damages, and no punitive damages, in an action at law for the alienation

of the affection of plaintiff's former wife. Defendant's motions for involuntary nonsuit, directed verdict, a judgment notwithstanding the verdict or in the alternative for a new trial, and a supplemental motion for a new trial were denied by the trial court. Defendant presents 16 assignments of error.

A capsulization of over 250 pages of evidence herein would add nothing to the body of law set forth in the Oregon Reports. It is sufficient to say that we have read the transcript and from that examination we are prepared to determine defendant's assignments of error.

Assignment 1: Did the trial court err in denying defendant's motion for a mistrial based upon plaintiff's display of emotion while testifying? Plaintiff while testifying on direct examination about learning of his wife's intention to leave the family home broke into tears. This occurred just prior to the noon recess on the first day of trial at which time defendant moved for a mistrial. There was no further display of emotion on the part of plaintiff. Defendant in his brief concedes that the granting or refusal to grant a mistrial under such conditions is within the sound discretion of the trial court, and cites *DeSpain v. Bohlke,* 259 Or 320, 324, 486 P2d 545 (1971). The court in that case denied a motion for mistrial following plaintiff's crying while testifying as a witness and quoted with approval from the case of *Hays v. Herman,* 213 Or 140, 145, 322 P2d 119, 69 ALR2d 947 (1958):

> "* * * [D]amage cases frequently involve matters of high emotional content to the parties * * *, we obviously cannot say that any display of emotion whatever is improper. To so hold might mean that the case could never be tried. But it is equally obvious that an undue emotional outburst may under

some circumstances amount to misconduct and may prevent a fair and impartial consideration by the jury. The line between the two cannot be drawn as a matter of law, but it must rest largely in the discretion of the trial court. * * *."

■ Defendant asserts that there should be a different rule for what he characterizes as "crocodile tears." The veteran trial judge had the opportunity to observe the spontaneity of the emotional display and to judge its effect, if any, upon the jury. There is nothing in the record of this case to indicate an abuse of discretion in the trial court's denial of the motion for a mistrial.

■■ Assignments 2 and 3: These assignment of error are for the trial court's overruling defendant's objection to questions and answers of plaintiff as to his relationship with his wife's parents and to plaintiff's testimony as to how he felt about the effect of the breakup of the marriage on plaintiff's child. The very limited testimony about plaintiff's relationship with his wife's parents could be simply considered background information as showing part of the relationship which existed between plaintiff and his wife before the separation and as such would be competent. We have previously held in *Coates v. Slusher,* 109 Or 612, 626-627, 222 P 311 (1924), that evidence by plaintiff as to how he felt about the effect on his child was competent and proper. We find no merit in plaintiff's assignments of error 2 and 3.

Plaintiff's assignments 4 through 8 will be considered together as they allege errors of the trial court, either in restricting defendant's cross-examination or direct examination of various witnesses. Assignment of error 4 was that the court erred in sustaining an objection to a question on cross-examination of the

plaintiff as to whether he had any evidence of malicious enticement. Assignment 8 was that the court erred in sustaining an objection to a question posed to a defense witness on direct examination regarding his opinion as to whether plaintiff's wife was capable of enticing a man. We feel that the court's ruling in sustaining these objections was proper.

This court has early held that it is improper to ask the opinion of a witness on the ultimate issue in the case as that is within the exclusive province of the jury. *Chan Sing v. Portland,* 37 Or 68, 73, 60 P 718 (1900). More recent decisions have relaxed this rule to allow an expert to give his opinion even though it relates to the ultimate factual issue in the case. However, even in the case of an expert the opinion is only admissible if the area of testimony is so technical that the jury is incapable of deciding the issue and even then subject to the discretion of the trial judge. Thus, the expert may express an opinion of an ultimate fact if the ultimate fact cannot be equally well decided by the jury from the same evidence upon which the expert has based his opinion. *Ritter v. Beals,* 225 Or 504, 525, 358 P2d 1080 (1961). Opinion testimony of non-expert witnesses has been approved in certain situations where the witness appeared to possess an understanding of the situation superior to that of the jury such as established intimacy with a person which permits the witness to express an opinion on sanity or general physical condition of a person. *State v. Garver,* 190 Or 291, 315-316, 255 P2d 771, 27 ALR2d 105 (1950). The questions asked of these two witnesses clearly do not satisfy the requirements for admission of nonexpert opinion testimony and it is obvious that the trial

judge's exclusion of this evidence was not an abuse of discretion.

■■ Assignments of error 5 and 7 deal with the trial court's sustaining of objections to questions on cross-examination of two witnesses, which questions were intended to reveal bias, hostility or interest on the part of the witness. The question in assignment 5 was to plaintiff's brother and asked if he was not having quite a problem with his prior marriage, and the question in assignment 7 was to plaintiff's employer and asked if it was unusual that a couple in this day and age decides that they no longer can live together. Defendant argues that the answer to both of these questions would have shown bias on the part of the witness. The scope of inquiry into bias on cross-examination is apportionately within the discretion of the trial judge. *McCarty v. Hedges,* 212 Or 497, 516, 309 P2d 186, 321 P2d 285 (1958). Matters may be relevant to the bias of the witness which are not otherwise relevant to the case and may be admitted for the mere tendency to prove bias or interest. *O'Harra v. Pundt,* 210 Or 533, 543, 310 P2d 1110 (1957). However, relevancy being a question of degree, the trial judge may and should draw the line to exclude that which is of little or no probative value. In the *McCarty* and *O'Harra* cases the witnesses were involved in other legal actions which would be directly influenced by the outcome of the action in which they were testifying. It is patently obvious that that sort of direct influence is absent in the present case. A witness's philosophy on marriage and divorce or a witness's personal experience with his own marriage has insufficient probative value to establish bias. The trial judge was correct in sustaining the objection to the two questions.

■ Defendant assigns as his sixth error the failure of the trial court to allow the former wife to testify on cross-examination as to the advice given plaintiff and her by a marriage counselor. "As has been many times ruled, the extent of cross-examination rests largely in the discretion of the trial judge." *Garrett v. Eugene Medical Center,* 190 Or 117, 132, 224 P2d 563 (1950). The guiding legal principle is that evidence on cross-examination should be limited to the subject matters referred to on direct. In this case the witness was asked on direct examination whether she and her husband had consulted a marriage counselor. Plaintiff specifically avoided any inquiry into what the counselor had said and, in fact, objected to Mrs. Shrock's unresponsive attempt to relate the advice given. Evidence of the counselor's advice had been allowed earlier in the trial over plaintiff's objection. Since there was similar testimony received, and while it would have been within the trial court's discretion to permit the witness to answer the question, the refusal cannot be considered to be so prejudicial as to be reversible.

Defendant in his ninth assignment of error contends that witness Eunice Shrock should not have been classified as an adverse witness and that plaintiff should not have been permitted to ask her leading questions, absent a showing of adversity or hostility. ORS 45.560 states, in part:

"* * * On a direct examination, leading questions are not allowed, unless merely formal or preliminary, except in the sound discretion of the court, under special circumstances making it appear that the interests of justice require it."

■ The issue is not the label of being an adverse witness, which the trial judge attached to the witness, but whether the asking of leading questions constitutes

error. Again, defendant conceded that this is in an area of judicial discretion found in the trial judge. In *Sinclair v. Barker*, 236 Or 599, 608, 390 P2d 321 (1964), we explained:

> "* * * The hostility of the witness is one of the 'special circumstances' which, in the 'interests of justice,' may warrant the use of leading questions within the meaning of ORS 45.560. Whether such witness is hostile and the extent to which leading questions may be put to him are within the sound discretion of the court."

The Supreme Court of Washington has defined a hostile witness as "one who demonstrates it by his demeanor." *Lambert v. State Farm Mutual Automobile Ins. Co.*, 2 Wash App 136, 143, 467 P2d 214 (1970). This definition necessitates and makes obvious the rule of discretion in the trial judge for he is the only person capable of making the observation and decision. Eunice Shrock was the ex-wife of plaintiff and the paramour of defendant. In the case before us the transcript demonstrates that Eunice Shrock bore ill-will toward her ex-husband and she was indeed a hostile witness. Her answers were frequently unresponsive and argumentative and she often interrupted and corrected her interrogator. We cannot say that the trial judge under the circumstances abused his discretion with respect to the leading questions put to this witness.

■ Defendant's assignments of error 10 and 11 will be considered together because they involve the receipt of evidence bearing on the element of punitive damages. Since no punitive damages were awarded by the jury, these two assignments and the evidence objected to become immaterial. *Patterson v. Skoglund*, 181 Or 167, 183-184, 180 P2d 108 (1947).

In defendant's twelfth assignment of error he argues that the court erred when denying defendant's motion for an order of involuntary nonsuit by not holding that plaintiff was bound by the testimony of Eunice Shrock. Defendant contends that since the witness was called by plaintiff in his case-in-chief, he should be "bound" by her testimony. Defendant appears to have misinterpreted the applicable rule. We have already concluded that she was a hostile witness and a party is not "bound" by the evidence given under such circumstances to the exclusion of the balance of plaintiff's evidence.

■ When ruling upon a motion for nonsuit the evidence must be viewed in a light most favorable to plaintiff and every reasonable inference will be drawn from the evidence that will aid plaintiff in establishing his cause of action. Here, the evidence produced by plaintiff's witnesses when viewed in its most favorable light does create a factual issue as to defendant's behavior, his intentions, and the effect of his behavior upon the affections of Mrs. Shrock. This is true even though it might be considered that Mrs. Shrock's testimony is in conflict with that of some or all of the other witnesses. We find no error in the court's refusal to hold that plaintiff was not "bound" by the testimony of the witness.

Defendant's thirteenth assignment of error attacks one of the instructions given by the trial court. That instruction was:

> "Each party is again on this loss of consortium, what it means, each spouse is entitled to the conjugal society, affection and assistance of the other. A third person who intentionally alienates or entices one spouse from the other is generally liable to the

latter; the right to recover is based upon the loss of consortium."

This instruction was carved from language contained in *McKinnon v. Chenoweth,* 176 Or 74, 83, 155 P2d 944 (1945).

■ Defendant contends that the instruction is defective because it failed to provide for "malicious" enticement. In ruling upon this error we reaffirm the principle that instructions are to be viewed as a whole and if the trial judge sufficiently advises the jury on the issues of the case and if the instructions are not confusing so that the jurors are misled, the trial judge will be affirmed. *Cheyne v. Deike,* 270 Or 58, 526 P2d 557 (1974). Our examination of the instruction given shows that on at least three separate occasions the jury was advised that malice was a necessary element in the case, that the term malice was appropriately defined and that malice could be inferred by certain conduct. There was no error in the instruction.

■ Defendant's assignments of error 14 and 15 are for the trial court's denial of motions for involuntary nonsuit and directed verdict. It is appropriate to consider these assignments together for when defendant proceeds to offer evidence after a denial of his motion for a nonsuit, we will review the entire record as when ruling on a motion for a directed verdict. In order to reverse the trial court, we must find that there was such a failure of evidence on the part of plaintiff to support the allegations of his complaint that we can say affirmatively, conclusively and unequivocally that reasonable minds could not differ on the matter. *Ballard v. Rickabaugh Orchards, Inc.,* 259 Or 200, 203-204, 485 P2d 1080 (1971). "A motion for a directed verdict cannot be granted if the evidence in behalf of

either party contains some competent evidence supporting each material allegation of the complaint." *Phillips v. Colfax Company, Inc.,* 195 Or 285, 292, 243 P2d 276, 245 P2d 898 (1952). Applying these standards to our very careful and thorough review of the evidence, we concluded that the trial judge was correct in his denial of the two motions.

■ Defendant's final assignment of error is predicated upon the trial judge's denial of defendant's novel supplemental motion for a new trial. The basis for this alleged error is the fact that plaintiff remarried approximately six weeks after the conclusion of the trial. Defendant argues that because of the display of "crocodile tears" on the part of plaintiff during trial, the fact that he had been dating the person he eventually married before his divorce, and because he testified near the end of the trial that he would take his wife back, plaintiff is guilty of fraud or misconduct amounting to an irregularity on the part of the prevailing party. The record shows that defendant fully and ably cross-examined plaintiff concerning his relationship with the woman he ultimately married. We also observe that plaintiff's remarriage occurred some 14 months after the events upon which plaintiff's cause of action is based. In denying this supplemental motion for a new trial the trial judge appropriately asked, "What do you want him [plaintiff] to do, jump off the bridge?" In *Guthrie v. Muller,* 213 Or 436, 443, 325 P2d 883 (1958), we announced:

> "A motion for new trial is addressed to the sound discretion of the trial court. Wide latitude is given, and when any tenable ground appears in the record in support of the court's action, the decision will be upheld on appeal. The decision will

be reversed only when there has been manifest abuse of discretion.* * *."

We fail to find that the trial judge abused his discretion in any degree in denying defendant's supplemental motion for a new trial.

Finding no error was committed at trial or after, the judgment in favor of plaintiff is affirmed.