Argued October 25, reversed and remanded November 25, 1974, petition for review denied February 11, 1975

STATE OF OREGON, *Appellant, v.* GEORGIANA SUSAN NEHL (No. C 74-03-0708 Cr), *Respondent.*

528 P2d 553

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on

the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Howard R. Lonergan,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

TANZER, J.

The state appeals from an order suppressing as evidence the narcotics and related paraphernalia found. in a search pursuant to a warrant which the trial court found to be invalid in two separate respects.

First, the trial court ruled that the informant was not shown to be credible. The supporting affidavit recites that the information was given by a confidential informant who had in the past furnished the affiant with information regarding illegal traffic of narcotics and dangerous drugs in the Portland area which the officer had known to be true or which investigation showed to be true. Further, the informant had in the past purchased marihuana for and at the direction of the affiant. The personal observations related by the informant, if believed by the magistrate, clearly establish probable cause for the resulting search.

■ The affidavit recited past reliability as a reason to credit the informant with at least as great specificity as was approved by this court in *State v. Spicer,* 3 Or App 120, 473 P2d 147 (1970). The fact that he had formerly purchased marihuana for the police-affiant also tended to indicate reliability. *Cf. State v. Hayward and Hayward,* 18 Or App 128,

523 P2d 1278 (1974); *State v. Thacker,* 9 Or App 250, 496 P2d 729 (1972). There was sufficient reason alleged for the magistrate to have believed the informant's information to have been credible.

■ The second ground of the order of suppression is the trial court's conclusion that the direction of the warrant to "any police officer in the State of Oregon" rather than to a specifically named police officer is void. Former ORS 141.080 provided that a search warrant shall be directed to "any sheriff or constable of the County of ————." The new ORS 133.565 (1) provides that

> "A search warrant * * * shall be addressed to and authorize its execution by an officer authorized by law to execute search warrants."

ORS 133.575 (1) provides that a police officer executing a search warrant may be accompanied by other persons as are necessary. Defendant ingeniously argues that the enactment of ORS 133.565 changes the provision for a general direction to a requirement that the warrant be directed to a specific named officer for execution.

The words of the new statute do not require the conclusion that defendant seeks. No such intent can be inferred from the statutory words. The rule of statutory construction that "[t]he singular number may include the plural," ORS 174.110 (1), is of appropriate application here. Nor was there a legislative intention to change the previous law regarding generality of the direction. The Commentary to the Proposed Oregon Criminal Procedure Code, 75, states that the new provisions "are in general conformity with existing statutory provisions" except for other specified changes. The pre-existing practice which accommo-

dated the practical necessity of flexibility in the assignment of police personnel in the execution of search warrants, *State v. Ronniger,* 7 Or App 447, 453, 492 P2d 298 (1971), is retained in the new procedural code.

Therefore, the trial court erred in both respects. The search warrant is valid and its fruits should not have been suppressed.

Reversed and remanded.