STATE OF OREGON, *Appellant,*
*v.*
JIMMY DUANE HENDERSON, *Respondent.*
(No. J 78-1132, CA 12523)
594 P2d 419

Stuart R. Chandler, Certified Law Student, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

James P. O'Neal, Roseburg, argued the cause for respondent. With him on the brief was Spence, O'Neal & Banta, Roseburg.

Before Tanzer, Presiding Judge, and Richardson, and Roberts, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The state appeals an order suppressing evidence seized pursuant to a search warrant. The issue is whether the affidavit submitted to obtain the search warrant contained sufficient reliable information to support issuance of the warrant. We reverse.

Police Officer Bates was the affiant on the affidavit, which states in relevant part:

"* * * * *

"(3) That my belief is based on the following facts:

"That I am acquainted with subject A; that I know A to be a reliable informant because he has given drug information to local law enforcement people on at least ten occasions, which information has proven to be accurate and reliable each time;

"That within the last forty-eight (48) hours A told me he had learned that J.D. Henderson was selling cocaine at his residence in the Happy Valley Road area, that A further told me that B had told him that B would also buy cocaine from J.D. Henderson at that location at a specified time which he told me in advance; that B is known to me and does not know A is a confidential informant;

"That I am also acquainted with a confidential reliable informant C; that C is also acquainted with B and has given information to police agencies regarding drug information and other criminal actions on many occasions in the last three (3) years and that this information has resulted in more than twenty (20) drug offense arrests and convictions;

"That within the last forty-eight (48) hours C has told me that he saw B leaving a driveway at Rt. 4 Box 482, Roseburg, within 15 minutes of the time B had told A he would buy cocaine from J.D. Henderson; that the residence at Rt 4 Box 482 is further identified as C told me it has a rural mailbox with the name J.D. Henderson on it; and that said residence is just off Addy Lane, a short street leading off of Happy Valley Road, south of Roseburg;

"That after my first conversation with A, A spoke to Officer Bergman of the Roseburg Police Department, at which time A told Bergman that he had not

been able to purchase cocaine from J.D. Henderson, but had later encountered both D and B; that D told him that he had bought cocaine from J.D. Henderson within the past forth-eight (48) hours, and that D furnished him with some of that cocaine, and that A gave that cocaine to Bergman, that Bergman then related this to me and tested the cocaine in my presence and it was positive for cocaine; that A further told Bergman that he had also met B after C saw B at Henderson's residence, and A told Bergman that B told him he had purchased cocaine on that occasion at Henderson's residence;

"* * * * *."

In *State v. Diaz,* 29 Or App 523, 564 P2d 1066 (1977), we discussed the analytical framework for determining if a search warrant affidavit based on hearsay establishes probable cause to issue a search warrant.

"In assessing the hearsay information to decide if it is trustworthy the magistrate must have sufficient raw data to make an independent judgment of trustworthiness. The data must first disclose the basis of the informant's knowledge, the first prong, so the magistrate may independently determine the weight to give such information in support of a conclusion the sought for evidence exists and in a particular place. Secondly, the data must be sufficient to inform the magistrate of the informant's veracity, the second prong. The veracity determination can be made either from information concerning the informant's credibility or from data supporting a conclusion his information is reliable." (Footnote omitted.) 29 Or App at 527.

These rules governing the evaluation of information from the primary unnamed informant govern also evaluation of information from the secondary sources. The magistrate must have sufficient information supplied by the primary informant about the secondary informant to assess the credibility of the secondary source and to weigh the information if he concludes the secondary source is believable. Rejecting the information from a secondary source by characterizing it as

[30]

hearsay on hearsay misunderstands and misapplies the analytical framework. Ultimately, the issuing magistrate must have the benefit of some informant's first hand observations in order to evaluate the worth of the information and must also have satisfactory proof of the credibility of every person involved in the chain of information from the initial observer to the affiant.

■ The affidavit adequately supplied a basis for the credibility of the primary informants A and C. They had previously supplied trustworthy information to law enforcement agencies. Officer Bergman's veracity is established by his status as a named informant and a fellow police officer. *See Whiteley v. Warden,* 401 US 560, 91 S Ct 1031, 28 L Ed 2d 306 (1971); *United States v. Ventresca,* 380 US 102, 85 S Ct 741, 13 L Ed 2d 684 (1965); *Rugendorf v. United States,* 376 US 528, 84 S Ct 825, 11 L Ed 2d 887 (1964). The basis of knowledge of the information given by the three primary informants, A, C and officer Bergman is their own senses. They heard or saw and reported these observations to the affiant. The critical inquiry is whether there is a sufficient basis to find that the secondary informants B and D were credible and that the source of their information made it trustworthy. If their veracity is sustained by the affidavit, the information given is sufficient to establish probable cause to believe narcotics would be present in defendant's residence. The basis of their knowledge was their own observations, i.e., defendant sold them narcotics.

■■ The veracity of an unnamed informant may be established by information from which it could be inferred he is a credible person. If such information is lacking the magistrate may still determine his veracity is established if the information given is reliable. *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969). If the information given by the informant is corroborated by another source disclosed in the affidavit there is a sufficient basis to conclude

[31]

he is telling the truth and not fabricating the story from whole cloth. *State v. Diaz, supra.*

The affidavit discloses that B told A he was going to buy narcotics from defendant at a particular time. He later told A he had purchased the narcotics at defendant's residence. These statements made by B were independently corroborated by the observations of C who saw B leaving defendant's residence within 15 minutes of the time B had told A he would purchase the narcotics from defendant.

D told A he bought narcotics from defendant. This statement of D is corroborated by the fact, observed by A, that D had narcotics and gave some of the substance to A who gave it to Officer Bergman. The substance was tested in the presence of the affiant and was determined to be cocaine. There was sufficient data in the affidavit for the magistrate to determine that B and D were probably truthful when they told A they had purchased narcotics from defendant. The information was sufficiently trustworthy to support a well warranted suspicion that there were narcotics in defendant's residence at the time the search warrant was issued.

A court should not invalidate a warrant by interpreting the affidavit in an overly-technical manner. "Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *United States v. Ventresca, supra,* 380 US at 109.

The affidavit was sufficient and it was error to grant the motion to suppress the evidence.

Reversed and remanded for trial.