Argued and submitted July 28, reversed
and remanded for further proceedings September 8,
reconsideration denied October 16,
petition for review denied November 25, 1980 (290 Or 171)

# STATE OF OREGON,
*Appellant,*

*v.*

# GRANDVILLE GENE HARP, JR.,
*Respondent.*

## (No. 10-79-08180, CA 16267)

616 P2d 564

Daniel H. Koenig, Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief was J. Pat Horton, District Attorney, Lane County.

Dan E. Neal, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

## BUTTLER, J.

The state appeals from a pretrial order suppressing evidence seized during a search of defendant's house and property pursuant to a search warrant. We reverse.

The Florence office of the Oregon State Police received information that marijuana was growing on property in the Florence area. After investigation a warrant was sought to search the property and the house in which defendant and his wife resided for marijuana and evidence of its manufacture, possession, sale and use. The affidavit offered in support of the request for a warrant contained the following information:[1]

---

[1] The affidavit states in its entirety:

"* * * * *

"That I am a Corporal with the Oregon State Police Department, and have been so employed for the last seven and one-half years. That I have had approximately 300 hours in the identification of narcotics and other controlled substances, including marijuana. That I have identified marijuana in its plant form in the past and have subsequently had that identification confirmed by laboratory analysis.

"That on August 5, 1979, the Oregon State Police Department, Florence Office, received information that marijuana was growing on property in the Florence area. That property is located at 09555 North Fork Siuslaw River Road, and consists of approximately 49.82 acres. This land is bordered on one side by U.S. Forest Service Road No. 2570, and the road is open to the public at large for travel, and can be described as a twenty-foot wide gravel road. That on August 15, 1979, at approximately 4:40 p.m. I drove up on Forest Service Road 2570, and while stationed on that road in my vehicle, I could see several marijuana plants growing on the property located at 09555 North Fork Siuslaw River Road, and that they were approximately 7 to 8 feet tall. That from my lawful vantage point on the Forest Service Road I could see some of the plants with the aid of binoculars, and one plant with the naked eye. With the aid of binoculars I was able to positively identify the plants as marijuana plants.

"That I can further describe the property at 09555 North Fork Siuslaw River Road as being designated on a Lane County Section Map as plot number 17 10 19, 201 and that Eichler County Road is, in fact, the main entrance road to the residence located at 09555 North Fork Siuslaw River Road. That the land designated as plot number 17 10 19, 201 has contained within its 49.82 acres one residence which could not

(1) The officer had experience in identifying marijuana;

(2) Information had been received by the Department that marijuana was growing on property in the area;

(3) The officer determined the location of the property, which consisted of 49.82 acres bordered by a Forest Service Road;

(4) From the Forest Service Road the officer observed "several" 7 to 8 foot marijuana plants growing on that parcel;

(5) He could see one plant with the naked eye and the others with the aid of binoculars, and was able to positively identify the plants with the aid of binoculars;

(6) The parcel contains only one residence, of which the officer could see only a portion of the roofline from his vantage point, and that defendant and his wife reside in that house;

be seen from my vantage point on the Forest Service Road except for a portion of the roofline. That I further know that there are no other residences located on the property described above, and that a man and his wife by the name of Mr. and Mrs. Granville Gene Harp, Jr. reside there.

"That from my previous experience as a police officer, I know that individuals who grow marijuana in and around their residences also have items and paraphernalia for processing marijuana, such as drying pans, sifters, drying marijuana, grow lights, and other paraphernalia used in the manufacture, sale, possession and use of marijuana.

"That based upon the preceding information, I have probable cause to believe, and do believe, that evidence of the crime of Manufacture of a Controlled Substance, to-wit, marijuana, is presently located on the premises described as 09555 North Fork Siuslaw River Road, a plot of land designated as 17 10 19, 201 on the Lane County Section Map, and containing 49.82 acres, and also having within the above-described acreage one single-family residence located in Lane County, Oregon; and therefore, your affiant prays that this court issue its warrant for the search of the above-described premises and its curtilage for the controlled substance marijuana and evidence of its manufacture, possession, sale and use.

"* * * * *"

(7) "That from my previous experience as a police officer, I know that individuals who grow marijuana in and around their residences also have items and paraphernalia for processing marijuana * * * "

The warrant was issued and a search of defendant's house and property was conducted. Defendant filed a motion to suppress the evidence obtained as a result of that search and also filed a motion to controvert the affidavit. At the hearing, the trial court found that the affidavit was not sufficient to establish probable cause to believe that the items sought would be found in and around defendant's residence. Because of that ruling the motion to controvert was not addressed by the trial court. Accordingly, we consider only the motion to suppress based on what appears on the face of the affidavit, and do not consider the testimony presented at the hearing on the motion to controvert.

■ Defendant first contends that the use of binoculars to locate and identify the marijuana plants was a violation of his privacy. If the original observation was an unlawful search, the evidence determined by the subsequent search and seizure pursuant to warrant would be fruit of the poisonous tree subject to suppression. *Wong Sun v. United States,* 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963); *State v. Corbett,* 15 Or App 470, 516 P2d 487 (1973), *rev den* (1974).

■ Under the analysis set forth in *Katz v. United States,* 389 US 347, 88 S Ct 507, 19 L Ed 2d 576 (1967), the inquiry is whether the defendant had a *reasonable* expectation of privacy in plant life growing on the property on which the marijuana was growing. The test is twofold: whether defendant had a subjective expectation of privacy, and whether that expectation is one that society is prepared to recognize as reasonable. From the affidavit it appears that some of the plants could be seen from the Forest Service road where the officer had a right to be, although the officer needed the aid of binoculars to "positively identify"

the plants as being marijuana. Assuming that defendant had a subjective expectation of privacy, we conclude that such an expectation was not an objectively reasonable one. That expectation is less objectively reasonable here than it was in *State v. Stanton,* 7 Or App 286, 490 P2d 1274 (1971), where the plants in an open field could not be seen by the general public, or in *State v. Brown,* 1 Or App 322, 461 P2d 836 (1969), *rev den* (1970), where the plants were growing in a green house in defendant's backyard.[2]

■ Defendant next contends that the information contained in the affidavit is not sufficient to support a finding of probable cause to search his residence. We do not agree. An affidavit for a search warrant is to be read in a commonsense, nontechnical manner, looking at the facts recited and the reasonable inferences that can be drawn from those facts. *State v. Age,* 38 Or App 501, 590 P2d 759 (1979). Reading the affidavit at issue here we find that it is reasonable to infer from the facts presented that the marijuana seen by the officer was cultivated marijuana. The defendant's house was the only residence on the property on which the marijuana was being grown. It is reasonable to infer that the marijuana was being cultivated by defendant because it was growing on his land and he lived in the only residence on that land. Those reasonable inferences give rise to a well-warranted suspicion that marijuana and paraphernalia for its cultivation, manufacture, sale and use would be found in that house. *See State v. Crockett,* 34 Or App 1019, 580 P2d 214 (1978).

In *United States v. Ventresca,* 380 US 102, 109, 85 S Ct 741, 13 L Ed 2d 684 (1965), the Supreme Court said:
"* * * Although in a particular case it may not be easy to determine when an affidavit demonstrates

---

[2] The fact that binoculars were used does not create an illegal search where there was not otherwise a reasonable expectation of privacy. *See* Anno, 48 ALR3d 1178 (1973).

the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. * * *" (Citation omitted.)

*See State v. Henderson,* 40 Or App 27, 594 P2d 419 (1979); *State v. Tidyman,* 30 Or App 537, 568 P2d 666 (1977). Any doubts we may have in this case are resolved with that preference in mind. The affidavit, on its face, is sufficient to authorize the issuance of the search warrant.

Reversed and remanded for further proceedings.