Argued and submitted December 9, 1980, affirmed May 4, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## KEITH WAYNE MELLINGER,
*Appellant.*

### (No. 25726, CA 17214)

627 P2d 897

Michael V. Johnson, La Grande, argued the cause and filed the brief for appellant.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R.

McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction after jury trial for possession of more than one ounce of marijuana. ORS 475.992(4)(a). Defendant was indicted for Count One: possession of more than one ounce of marijuana and Count Two: possession of amphetamines. He was convicted of Count One and acquitted of Count Two. He assigns as error: (1) the denial of his motion to suppress evidence seized pursuant to a search warrant; (2) the exclusion of certain impeachment evidence; (3) overruling of his demurrer to Count One of the indictment; and (4) the denial of his motion for a judgment of acquittal on both counts.[1] We affirm.

On July 3, 1979, defendant's residence was searched pursuant to a warrant. A quantity of marijuana, growing marijuana plants and drug paraphernalia were discovered along with a single amphetamine tablet.

■ Defendant first assigns as error[2] the denial of his motion to suppress. Defendant contends the search warrant affidavit set out in the margin[3] is legally insufficient to support probable cause. Specifically, he argues that the

---

[1] Defendant was acquitted of the charge contained in Count Two of the indictment. It is unnecessary, therefore, for us to consider whether the trial court erred in denying his motion for judgment of acquittal as to that charge.

[2] Defendant's brief fails to comply with Rule 7.19, Rules of Appellate Procedure, which requires an appellant to set forth verbatim the pertinent portions of the record which address the claimed error. Rule 7.19 gives this court discretion to refuse consideration of assignments of error that fail to comply with the rule's requirements. In this case, the state has included the relevant portions of the record in its brief. In light of this fact, we will consider the merits of defendant's claim of error.

[3] The affidavit in issue provided:

"I, Terry Jordan, do swear that I am a police officer with the La Grande City Police Department, La Grande, Oregon. I have been employed in this capacity for 2 years and 1 month.

"A confidential reliable informant has told me that he observed within the last 24 hours a pound of marijuana in a residence located on the South side of Booth Lane and is the first mobile home past the intersection of Mt. Glenn Rd. The residence is described as a single wide mobile home, white in color with brown shutters and brown trim. There are several junked cars in the yard.

"The confidential, reliable informant has in the past furnished information leading to several felony and numerous misdemeanor arrests including crimes involving controlled substances. The informant personally observed in

affidavit must provide the issuing magistrate with (1) some indication of the underlying circumstances from which the informant concluded drugs were present; (2) some of the underlying circumstances to show either that the information is credible or that the informant is reliable; and (3) some indication as to the "means" by which the information was obtained. Defendant contends that the first two requirements are necessary to satisfy relevant constitutional considerations and that the third is necessary to satisfy ORS 133.545(3).[4]

In *State v. Diaz,* 29 Or App 523, 564 P2d 1066 (1977), we discussed the proper analytical framework for determining if a search warrant affidavit based on hearsay establishes probable cause to issue a search warrant:

"In assessing the hearsay information to decide if it is trustworthy the magistrate must have sufficient raw data to make an independent judgment of trustworthiness. The data must first disclose the basis of the informant's knowledge, the first prong, so the magistrate may independently determine the weight to give such information in support of a conclusion the sought for evidence exists and in a particular place. Secondly, the data must be sufficient to inform the magistrate of the informant's veracity, the second prong. The veracity determination can be made either from information concerning the informant's credibility or from data supporting a conclusion his information is reliable." (Footnote omitted.) 29 Or App at 527.

_____

the possession of Keith Mellinger at the above described residence in Union County, Oregon, one pound of marijuana, and based upon his conversation, it is believed that additional quantities are present in the house.

"The informant knows the residence on Booth Lane, Union County, Oregon to be occupied by Keith Mellinger.

"Based upon the above information, probable cause exists that the crime of Possession of Controlled Substance has been committed, and that the controlled substance marijuana may be located in the mobile home located on Booth Lane, Union county, Oregon.

"It is respectfully requested that a search warrant be issued to search this mobile home located on Booth Lane, Union County, Oregon, for the controlled substance marijuana observed by the confidential reliable informant."

[4] The record does not reveal that defendant raised this argument in the trial court. Arguments in support of assignments of error not raised in the trial court will not, subject to the court's discretion, be considered for the first time on appeal. *See State v. Connett,* 48 Or App 261, 264 n 5, 616 P2d 1191 (1980); *State v. Applegate,* 39 Or App 17, 591 P2d 371, *rev den* 287 Or 301 (1979). We decline to consider defendant's argument. *But see State v. Diaz,* 29 Or App 523, 526 n 1, 564 P2d 1066 (1977).

*See also Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969); *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964); *State v. Carlile,* 290 Or 161, 619 P2d 1280 (1980); *State v. Montigue,* 288 Or 359, 605 P2d 656, *cert den* 449 US 846 (1980); *State v. Henderson,* 40 Or App 27, 594 P2d 419 (1979).

█ █ Defendant contends that in order to meet the "first prong," the affidavit must both specify where the marijuana was located in defendant's residence and include some independent verification of the information by the affiant. Whether a particular affidavit supports the magistrate's determination does not depend upon the existence of specific facts or information. Each affidavit must be examined in a common sense, nontechnical manner, looking at the facts recited and the reasonable inferences that can be drawn from those facts. *State v. Harp,* 48 Or App 185, 616 P2d 564, *rev den* 290 Or 171 (1980); *State v. Age,* 38 Or App 501, 590 P2d 759 (1979). In this case, the affidavit indicates that the informant personally viewed marijuana in defendant's possession at defendant's residence during the preceding twenty-four hour period. In addition, the affiant stated that he was led to believe by his conversation with the informant that more marijuana was present. The basis of the informant's information was his own observations. He personally saw the marijuana in defendant's possession in defendant's residence. The affidavit contained sufficient information to establish the basis of the informant's knowledge and belief that marijuana was present in defendant's residence. *See State v. Henderson, supra.*

Defendant next contends that the "second prong" has also not been met here. Again, defendant submits that particular facts and information must exist to establish the veracity of the hearsay informant. In particular, he argues that because the informant's prior information was not stated by the affiant to have resulted in *convictions* and because there is no information indicating the basis for the informant's ability to identify marijuana and to determine its weight, the informant's veracity has not been established.

█ Again, we reject the notion that each affidavit must contain particular information regarding the informant's veracity. In the present case, the affiant stated that

the informant had previously provided reliable information leading to arrests, including crimes involving controlled substances. The reliability of the informant may be established by recital of facts that show he has previously proven reliable. *State v. Nehl,* 19 Or App 586, 528 P2d 553 (1974), *rev den* (1975); *State v. Thacker,* 9 Or App 250, 253, 496 P2d 729 (1972). The reliability of past information does not solely depend on whether the affidavit recites that the previously supplied information resulted in convictions. In addition, the fact that the informant had previously provided information about controlled substances establishes the informant's ability to identify such substances. The affidavit contained sufficient information for the magistrate to conclude that the informant was reliable and that his information was credible.

■ Defendant next argues that the trial court erred in believing the information contained in the affidavit rather than the testimony of defendant and his witnesses. Defendant filed a motion to controvert the affidavit[5] along with his motion to suppress. In an affidavit attached to his motion to controvert, as well as at the hearing, defendant's evidence was to the effect that (1) the informant never existed; (2) no such person ever saw a pound or any substantial amount of marijuana on defendant's premises; (3) the informant was never on or around defendant's premises; and (4) the arrests referred to in the affidavit never happened.

---

[5] ORS 133.693 provides:

"(1) Subject to the provisions of subsection (2) of this section, in any proceeding on a motion to suppress evidence the moving party shall be entitled to contest, by cross-examination or offering evidence, the good faith, accuracy and truthfulness of the affiant with respect to the evidence presented to establish probable cause for search or seizure.

"(2) If the evidence sought to be suppressed was seized by authority of a search warrant, the moving party shall be allowed to contest the good faith, accuracy and truthfulness of the affiant as to the evidence presented before the issuing authority only upon supplementary motion, supported by affidavit, setting forth substantial basis for questioning such good faith, accuracy and truthfulness.

"(3) In any proceeding under subsection (2) of this section, the moving party shall have the burden of proving by a preponderance of the evidence that the evidence presented before the issuing authority was not offered in good faith, was not accurate and was not truthful.

The trial court, after considering the evidence presented, denied defendant's motion. Though the evidence presented by defendant and his witnesses conflicted with the affiant's statements, the court was not required to believe that evidence. *State v. Nearing/Baker,* 16 Or App 30, 517 P2d 308 (1973). In denying the motion, the court made a factual determination. We conclude that the trial court did not err in denying defendant's motion to controvert. The affidavit established probable cause to support issuance of the warrant to search defendant's premises.

Defendant next assigns as error the trial court's exclusion of impeachment evidence.[6] Defendant contended at trial that the quantity of marijuana with which he was charged was not the quantity of marijuana recovered at his residence. Defendant wanted to introduce evidence of previous police contacts between himself and Officer O'Rourke, one of the officers involved in the search, which had occurred during the previous five or six years, to establish Officer O'Rourke's ill feelings toward him and to raise the apparent inference that the officer "planted"

---

"(4) Where the motion to suppress challenges evidence seized as the result of a warrantless search, the burden of proving by a preponderance of the evidence the validity of the search is on the prosecution.

"(5) The court shall determine whether, under applicable law, any inaccuracy, untruthfulness or lack of good faith requires suppression."

ORS 133.703 provides:

"(1) In any proceeding on a motion to suppress evidence wherein, pursuant to ORS 133.693, the good faith of the testimony presented to establish probable cause is contested, and wherein such testimony includes a report of information furnished by an informant whose identity is not disclosed in the testimony, the moving party shall be entitled to prevail on the motion to suppress and evidence obtained as a result of the information furnished by the informant shall be suppressed unless:

"(a) The evidence sought to be suppressed was seized by authority of a search warrant and the informant testified in person before the issuing authority; or

"(b) The judge determines from the affiant by a preponderance of the evidence that such confidential informant exists and is reliable.

"(2) If the defendant is entitled to prevail on the motion to suppress under subsection (1) of this section, the evidence obtained as a result of the information furnished by the informant shall be suppressed."

[6] Defendant's second assignment of error also fails to comply with Rule 7.19, Rules of Appellate Procedure. However, for the same reasons stated in note 2, *supra,* we will proceed to dispose of the assignment of error on the merits.

additional marijuana in the amount taken from his residence. The trial court allowed defendant to show the existence of pending civil litigation between himself and the officer, but refused to allow him to examine the officer or present other evidence about previous police contacts between himself and the officer.

■ ■ Evidence which might otherwise be irrelevant may be admissible to show interest or bias of a witness, even though the evidence offered has only a mere tendency to prove bias or interest. *State v. Dowell,* 274 Or 547, 547 P2d 619 (1976); *Shrock v. Goodell,* 270 Or 504, 528 P2d 1048 (1974); *O'Harra v. Pundt,* 210 Or 533, 310 P2d 1110 (1957). However, the trial court has discretion to exclude evidence which has little or no probative value, *Shrock v. Goodell, supra,* and whose presentation would unduly delay the trial or tend to distract or confuse the jury. *State v. Grabill,* 34 Or App 639, 579 P2d 316, *rev den* 284 Or 521 (1978).

■ In *State v. Grabill, supra,* we addressed a similar problem. There, defendant sought the introduction of impeachment evidence which he argued tended to establish a police officer's motive in wanting to "make a case" against defendant. We noted that the relevance of the evidence on such a theory was highly attenuated and stated that "[t]he trial court properly exercised its discretion in ruling that the probative value, if any, of the evidence was outweighed by its tendency to unduly prolong the trial and to distract the jury from the primary issues." 34 Or App at 645.

The relevance of the evidence offered here was, at best, tenuous. The trial court allowed defendant to reveal the existence of the litigation between defendant and the officer. The quantity of marijuana seized from defendant was corroborated by other officers involved in the search. We conclude that the court did not err in excluding this evidence.

Defendant next assigns as error the trial court's failure to grant his demurrer. Defendant contends that both ORS 475.005(22) and 475.992(4)(a-f) are void for vagueness and thus violative of due process of law. Specifically defendant argues that there are neither sufficient statutory definitions nor generally accepted scientific definitions for terms he argues are critical in determining the

amount of prohibited controlled substance which he allegedly possessed.

ORS 475.005(22) provides:

" 'Marijuana' means all parts of the plant Cannabis family Moraceae, whether growing or not; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its resin. It does not include the *mature stalks* of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of the plant which is incapable of germination." (Emphasis added.)

ORS 475.992(4)(f) provides:

"(4) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by ORS 475.005 to 475.285 and 475.992 to 475.995. Any person who violates this subsection with respect to:
"* * * * *

"(f) Notwithstanding the placement of marijuana in a schedule of controlled substances under ORS 475.005 to 475.285, any person who knowingly or intentionally is in unlawul possession of less than one avoirdupois ounce of the *dried leaves, stems* and flowers of the plant Cannabis family Moraceae is guilty of a violation, punishable by a fine of not more than $100." (Emphasis added.)

The terms "mature," "stalks," "dried leaves" and "stems" contained in the above statutes are the terms defendant contends are undefined and thus do not inform a person of ordinary intelligence the extent to which their conduct may be prohibited.

■■■■ In reviewing an assertion that a statute is vague and thus unconstitutional, it is our duty to give the statute a narrow interpretation if necessary in order to uphold it. *Gaffey v. Babb,* 50 Or App 617, 624 P2d 616 (1981); *State v. Pruett,* 37 Or App 183, 586 P2d 800 (1978); *State v. Drummond,* 6 Or App 558, 489 P2d 958 (1971). If the terms of the statute are so elastic that the determination of guilt or

innocence must necessarily be *ad hoc,* the statute is unconstitutional. Stated differently, if the statute, as applied to most conceivable fact situations, would not fairly inform persons of common intelligence or courts and juries what is prohibited, it is void. On the other hand, if there are situations to which the statute could be constitutionally applied, it will not be voided simply because under some other fact situations the statute cannot be constitutionally applied. *United States v. Raines,* 362 US 17, 80 S Ct 519, 4 L Ed 2d 524 (1960).

■ We conclude the statutes at issue are not vague. A person of ordinary intelligence is clearly informed what is prohibited—possession of marijuana. But defendant's contention goes beyond that. He asserts that a person of ordinary intelligence who wishes to possess marijuana is not fairly informed by the statute whether the amount of materials he possesses contains sufficient prohibited materials to constitute a felony or only a violation. The question is not what is prohibited but whether the amount of prohibited material exceeds one ounce. This is simply a requirement of competent proof. That experts may disagree as to what is a "stalk" or a "stem" of a marijuana plant after the plant has been cut up, or whether the seeds are sterile and whether the material is dry when weighed, does not render the statutes void. *See State v. Williams,* 37 Or App 419, 587 P2d 1049 (1978).

■ If a person consciously desires to violate the statute by possessing marijuana, but does not want to run the risk of a felony conviction, it is not constitutionally unreasonable for that person to accept the risk that the state's evidence will convince the trier of fact that he possessed more than one ounce of prohibited material. Statutes need not be drafted with such precision that citizens will never hazard their liberty upon an incorrect assessment of their conduct. *State of Oregon v. Wojahn,* 204 Or 84, 282 P2d 675 (1955); *State v. Williams, supra.* The court did not err in overruling the demurrer.

■ Defendant finally assigns as error the trial court's denial of his motion for a judgment of acquittal. In *State v. Williams,* 49 Or App 893, 621 P2d 621 (1980), we recently noted the proper approach to such a claim of error. We stated:

"The Supreme Court in *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974), set forth the proper approach to such a claim of error.

" '* * * In deciding whether the circumstances are sufficient to entitle the jury to find beyond a reasonable doubt that defendant was guilty, we must remember that it is not proper for us to hold that there is a reasonable doubt because of conflicts in the evidence. After a verdict of guilt, or in deciding whether the case should be submitted to the jury, such conflicts must be treated as if they had been decided in the State's favor. After the conflicts have been so decided, we take such decided facts together with those facts about which there is no conflict and determine whether the inferences that may be drawn from them are sufficient to allow the jury to find defendant's guilt beyond a reasonable doubt. *State v. Zauner,* 250 Or 105, 110, 441 P2d 85 (1968); *State v. Dennis,* 177 Or 73, 78, 159 P2d 838, 161 P2d 670 (1945). Our decision is not whether we believe defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for a jury to so find. *State v. Zauner, supra.* ' " 49 Or App at 898-99.

Defendant argues the evidence was insufficient to establish that he possessed more than one ounce of prohibited parts of the marijuana plant. Specifically, he asserts the state's expert was unable to separate stalks from stems or fertile from nonfertile seeds and thus the amount of marijuana may have included materials not prohibited, with the result that there may have been less than one ounce of prohibited substance.

The experts testifying on behalf of the defendant and the state disagreed in many respects on the issues of what constitutes a "stalk"; what constitutes a "stem"; when a "stalk" becomes a "mature stalk"; or when a plant becomes a "mature plant." However, whatever problems such conflicts might raise under other factual situations, *see e.g., Purifoy v. State,* 359 So 2d 446 (Fla 1978), they do not raise such problems here. Officer O'Rourke testified that the amount of marijuana seized was turned over to the state's expert for analysis. Mr. Spilker, the state's expert, testified that the marijuana seized at defendant's residence was weighed approximately six weeks after its seizure at room dryness. He stated that after removing all seeds and what he determined to be stalk material, the remaining marijuana weighed 4.16 ounces. He also testified that even if

the material weighed contained substances which were arguably stems or stalks, removal of those arguably non-prohibited substances would still leave more than one ounce of clearly prohibited marijuana. If believed by the trier of fact, the evidence in this case established that defendant possessed an amount of marijuana proscribed by ORS 475.992(4)(a). The court did not err in denying defendant's motion for judgment of acquittal.

Affirmed.