Argued and submitted July 9, 1982, affirmed March 16, 1983

# STATE OF OREGON,
*Respondent,*
*v.*
# JAMES GEORGE WIEMALS,
*Appellant.*

(8101-0018M; CA A23820)

660 P2d 702

Paul J. DeMuniz, Salem, argued the cause for appellant. With him on the brief were Garrett, Seideman, Hemann, Robertson & DeMuniz, P.C., and Robert R. Trethewy, Certified Law Student, Salem.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

Defendant appeals from his conviction for issuing a false financial statement in violation of ORS 165.100. We affirm.

Defendant, the primary shareholder and president of James Wiemals Auto Sales & Wholesale, Inc. (Corporation), applied for a loan from Greater Pacific Bank (Bank). As part of his loan application, defendant provided the Bank with a personal financial statement and balance sheet of the Corporation. The Bank agreed to loan the Corporation $5,009.44 in return for a promissory note for that amount. To secure payment of the note, the corporation entered into a security agreement, in which the Corporation gave to the Bank a security interest in seven vehicles. In the security agreement, defendant represented that the Corporation owned the vehicles. At trial, the jury found that defendant had sold one of the vehicles listed as collateral in the security agreement before he signed the agreement.

■ Defendant moved for judgment of acquittal on the grounds that the security agreement on which the charge against him was based is not a "financial statement" within the meaning of ORS 165.100. He also moved for an order arresting judgment on the grounds that ORS 165.100 is so vague that it violates the fourteenth amendment to the United States Constitution and Article I, sections 10 and 21, of the Oregon Constitution. Defendant contends that the trial court erred in denying these motions.

ORS 165.100(1)(a) provides:

"A person commits the crime of issuing a false financial statement if, with intent to defraud, he:

"(a) Knowingly makes or utters a written statement which purports to describe the financial condition or ability to pay of himself or some other person and which is inaccurate in some material respect * * *."

The issue here is the scope of the term "financial statement" in the context of the extension of credit. ORS 165.100 replaced former ORS 165.615 and 165.620 (repealed by Or Laws 1971, ch 743, § 432) and was not intended to change the then-existing substantive law. Commentary to

269 (1972). Former ORS

Proposed Oregon Criminal Code 167 (1972). Former ORS 165.615 stated, in part:

> "Any person who knowingly makes * * * any false statement in writing, with intent that it shall be relied upon, respecting the financial condition, or means or ability to pay, of himself or any * * * corporation in whom he is interested or for whom he is acting, for the purpose of procuring * * * the extension of a credit, [violates the law.]"

In the context of the extension of credit, therefore, the term "financial statement" includes *any* written statement that purports to describe a corporation's financial condition or ability to pay and on which the declarant intends the lender to rely on when deciding whether to approve a loan.

■ Defendant argues that, as a matter of law, security agreements are not financial statements, because they do not describe a corporation's ability to pay or financial condition and that lenders do not rely on them when determining whether to extend credit. Instead, he contends, security agreements are the method by which lenders protect themselves *after* they approve a loan.

That may be true, generally, but the facts here undercut defendant's argument. Defendant states in his brief that "[t]he intention of the parties was that the loan would be paid off with the proceeds generated by the Corporation's sale of the specific vehicles serving as collateral * * *." Defendant's representation in the security agreement that the Corporation owned the seven vehicles, therefore, described in part the Corporation's ability to repay the loan. Further, the evidence shows that, when the Bank approved the loan, it had the executed security agreement and relied on it in part in deciding to extend the credit. On a credit report form, the Bank noted the following:

> "* * * Borrower has had some financial difficulties in the past and, therefore, future credit requests should be carefully examined.

> "We feel comfortable with this credit extension based on borrowers present financial situation, experience level, and *value of security held.*" (Emphasis supplied.)

■ ■ Defendant contends that ORS 165.100(1) is unconstitutionally vague, because the business community and

general public cannot determine what types of documents are included in the term "financial statement." We disagree. The statute defines the term "financial statement" in subsection (1)(a) as "a written statement which purports to describe the financial condition or ability to pay of himself or another person * * *." A statute is not unconstitutionally vague if, as applied to most conceivable fact situations, it would fairly inform persons of common intelligence, courts or juries what conduct is prohibited. *State v. Mellinger*, 52 Or App 21, 30, 627 P2d 897 (1981). As applied to this situation, the statute clearly defines the types of statements included in the term "financial statements." Therefore, the statute is not unconstitutionally vague, and the trial court did not err in denying defendant's motion.

Affirmed.