STATE OF HAWAII, Plaintiff-Appellee *v.* DRAKE A. PRICE, aka ANDRE D. PRICE, Defendant-Appellant.

NO. 5361

APRIL 10, 1974

RICHARDSON, C.J., LEVINSON, KOBAYASHI, JJ., HAWKINS, CIRCUIT JUDGE, FOR OGATA, J., DISQUALIFIED, and VITOUSEK, CIRCUIT JUDGE, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY RICHARDSON, C.J.

About 9:30 p.m., October 18, 1971, a number of police officers responded to a reported burglary at the Moorings apartments in Hawaii Kai. The defendant was observed walking away from the lanai area of the apartment in question. Defendant was then apprehended as he was about to drive off in his car. Defendant was arrested and the driver's area of the car was searched. In that search a large knife, a crowbar and a long screwdriver were discovered. Defendant was given his *Miranda* warning and was asked for his consent to search his car. He replied affirmatively. The trunk of defendant's car was then searched and property recognized by one of the officers as having been reported burglarized earlier the same evening from a nearby residence was seized. Defendant was

rearrested for detaining stolen goods.

It was argued below and the trial court found that this second search was the result of a valid consent by defendant.

It is well settled that in order to be valid, a consent to a warrantless search must be "voluntary."[1] It is in the definition of "voluntary" that the difference of opinion arises. The Court of Appeals for the Ninth Circuit has held that to be "voluntary" a consent must be "knowing."[2] The Ninth Circuit was recently overruled when the Supreme Court held that in a noncustodial consent search "[v]oluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent."[3] The Ninth Circuit has refused however to abandon the "knowing" requirement in custodial consent searches.[4]

We do not accept the position of the Ninth Circuit making subjective knowledge of the right to refuse consent a touchstone of voluntariness. We equate voluntary with uncoerced. "[T]he Fourth and Fourteenth Amendments require that a consent not be coerced, by explicit or implicit means, by implied threat or covert force."[5] Knowledge of the right to refuse consent is only one indicium of the absence of coercion. In a custodial situation where there may be a presumption of coercion, proof of a "knowing" consent is important but still not a prerequisite of voluntariness. "[T]he mere fact that a suspect is under arrest does not negate the possibility of

---

[1] Davis v. United States, 328 U.S. 582 (1946); Bumper v. North Carolina, 391 U.S. 543 (1968).

[2] Bustamonte v. Schneckloth, 448 F.2d 699 (9th Cir. 1971) rev'd, 412 U.S. 218 (1973); Schoepflin v. United States, 391 F.2d 390 (9th Cir. 1968); Cipres v. United States, 343 F.2d 95 (9th Cir. 1965).

[3] Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973).

[4] United States v. Watson,    F.2d    (9th Cir. 1973).

[5] Schneckloth v. Bustamonte, supra at 228.

a voluntary consent."[6] This is especially so in a situation such as the case at hand where the coercive atmosphere was at least partially dispelled when the defendant was given his *Miranda* warnings shortly before being asked for consent to a search. In the custodial consent situation the Fourth and Fifth Amendment protections overlap and the Fifth Amendment warning against self-incrimination is sufficiently encompassing to protect Fourth Amendment guarantees. The *Miranda* warning and its proximity in time to the alleged consent are important considerations in the determination of voluntariness.

We agree with the First Circuit that "when the accused is directly asked whether he objects to the search, there must be at least some suggestion that his objection is significant or that the search waits upon his consent. When this is combined with a warning of his right to be silent, and his right to counsel, which would seem in the circumstances to put him on notice that he can refuse to cooperate, we think it fair to infer that his purported consent is in fact voluntary."[7] In the case at hand, one of the police officers testified on cross-examination that:

> We asked if we can search the car. He said, "Yes." We asked him several times if he *understood*. He said, "Yes, go right ahead." He took the bunch of keys, he opened the trunk. (emphasis added.)

There was further testimony that the defendant had been advised of his *Miranda* rights a short time prior to the request to search. Defense counsel makes much of the fact that one of the officers was not absolutely certain that the defendant himself opened the trunk. There are indeed other minor discrepancies in the officers' testimony. In addition, the defendant's version of the events would lead one to believe that he and the police officers must have been present at two different investigations. The trial judge obviously placed more credence in the police version of the events of October

---

[6] United States ex rel. Lundergan v. McMann, 417 F.2d 519, 521 (2d Cir. 1969) (citations omitted).

[7] Gorman v. United States, 380 F.2d 158, 163-64 (1967).

18, 1971, and found as a factual matter that defendant consented to a warrantless search.

Affirmed.

*David Bettencourt (Mattoch Kemper & Brown* of counsel) for defendant-appellant.

*Joseph A. Dubiel,* Deputy Prosecuting Attorney *(Barry Chung,* Prosecuting Attorney, with him on the brief) for plaintiff-appellee.