STATE OF HAWAII, Plaintiff-Appellee, *v.* DAVID H. BRIGHTER, Defendant-Appellant

NO. 5830

JANUARY 12, 1979

RICHARDSON, C.J., OGATA AND KIDWELL, JJ. AND CIRCUIT JUDGE KATO IN PLACE OF MENOR, J., DISQUALIFIED

a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

OPINION OF THE COURT BY KIDWELL, J.

In this appeal from a conviction of promoting detrimental drugs in the first degree, in violation of HRS § 712-1247(1)(e), the only question presented is whether the trial court should have suppressed as evidence marijuana plants seized upon appellant's premises pursuant to a search warrant. We affirm.

Appellant contends that the observation by a police officer of plants growing in the rear of appellant's residence, which furnished probable cause for the issuance of the warrant, violated the constitutional prohibitions of unreasonable searches and seizures contained in the United States and Hawaii constitutions. The observation was obtained as the result of a chain of events which was described in the affidavit which supported the application for the search warrant and in testimony before the trial court in support of a motion to suppress. Although no facts were found by the trial court, the essential facts are not in dispute.

While engaged in searching by helicopter for a stolen van, police officers observed from an altitude of 200-250 feet a van parked in the driveway of appellant's residence. The van was partially covered by a tarpaulin but was sufficiently visible to reveal that its color matched that of the stolen van. Appellant's residence is removed from the public road about 200 yards and enclosed by two fences, one at the perimeter of the property and the other immediately surrounding the house. The house is reached from the public road by a driveway which passes through openings in the two fences.

The officers landed the helicopter and obtained transportation to appellant's residence from a motor patrolman. The van was visible from the public road, but the officers were unable from the public road to determine whether it was the stolen vehicle. The police car was driven up the driveway to the location of the van near the residence, from which point the officers saw rust spots on the side of the van corresponding to the description of the stolen vehicle but could not see the license plate. One of the officers lifted the tarpaulin and disclosed the license plate, which was that of the stolen

vehicle. Appellant then emerged from the house, was placed under arrest and was taken to the police station. One of the officers remained to dust the van for fingerprints. When he completed his work, he went to a tree about thirty feet away, allegedly to seek shade while awaiting transportation, and from that vantage point first saw the marijuana plants behind the residence, at a distance of 150 to 200 feet from the tree.

Although the plants were not visible from the point on the driveway where the van was parked, at the time the officer viewed them from under the tree, this was only because laundry then hanging on a line obstructed the view. In the absence of the laundry, the plants were visible to a person standing beside the van in the driveway.

Considerable attention has been given in the briefs and argument to the propriety of the various observations made by the officers. Since we consider that the fact of visibility of the plants from the driveway, under normal conditions, is dispositive of the case we have no occasion to consider the propriety of these observations in the absence of that fact.

It is now apparent that the reasonableness of a search consisting of visual observation into private premises depends upon whether the observation contravenes a reasonable expectation of privacy. In *State v. Stachler*, 58 Haw. 412, 570 P.2d 1323 (1977), we held that the defendant had no reasonable expectation, with respect to marijuana growing in an open field, of privacy from aerial surveillance conducted at a height consistent with statute and regulation and that such surveillance was therefore not an unreasonable search. In *State v. Boynton*, 58 Haw. 530, 574 P.2d 1330 (1978), and *State v. Kaaheena*, 59 Haw. 23, 575 P.2d 462 (1978), we found that the observation did intrude upon a reasonable expectation of privacy and that evidence obtained thereby was inadmissible. In *State v. Hook*, 60 Haw. 197, 587 P.2d 1224 (1978), we held that intrusion by a police officer into private premises which were open to the public violated no reasonable expectation of privacy on the part of the defendant. In *State v. Kender*, 60 Haw. 301, 588 P.2d 447 (1978), we held that a police officer's observation from a neighbor's property of marijuana plants growing in the defendant's backyard,

obtained by climbing on a fence with the assistance of another officer, violated the defendant's reasonable expectation of privacy where there was no showing that the plants were otherwise visible from outside of the defendant's premises.

We may assume, for purposes of argument, that in the present case the police officer was intruding without justification upon appellant's property when he went from the driveway into the shade of the tree from which he viewed the marijuana plants. Appellant seeks to make conclusive of the unreasonableness of the search the fact that the officer was where he had no right to be when he made his observations. But we made it clear in *State v. Kaaheena, supra,* by ignoring the question whether the officer in that case had trespassed on private property, that the reasonableness of a search conducted by visual observation depends upon whether the defendant has a reasonable expectation of privacy from observation. And in *State v. Kender, supra,* the fact that the police officer's view into the defendant's premises might have been from a 'place where he had a right to be was treated as inconclusive with respect to the reasonableness of the search.

We think it is clear that, if appellant's marijuana plants were sufficiently exposed to viewing by members of the public, appellant could not entertain a reasonable expectation of privacy with respect to them and cannot invoke the constitutional protection against unreasonable searches. As was said in *United States v. Katz,* 389 U.S. 347, 351 (1967):

> What a person knowingly exposes to the public even in his own home or office, is not a subject of Fourth Amendment protection.

The trespass by the police officer, if one occurred, is thus irrelevant to the question whether appellant may assert a constitutional objection to the admission of evidence in the present case and is to be dealt with as a trespass rather than as a deprivation of a constitutional right. Absent a deprivation of a constitutional right, we do not regard the transgression of appellant's property rights as sufficiently grave or flagrant to warrant invalidation of the officer's visual observations as

probable cause for the issuance of the search warrant. Appellant has other remedies for a mere trespass.

The marijuana plants which the officer viewed in this case were visible not only from the point of the officer's actual observation but also by a person standing in the driveway which provided access to appellant's residence, subject only to the temporary obstruction provided by the laundry hanging on a line at the time the officers entered the property. There is nothing in the record to aid us in considering whether appellant entertained a subjective expectation of privacy with respect to the plants in reliance upon the screen provided by the laundry. Such an expectation, if it existed, would also have to be reasonable in order to provide a foundation for assertion of an infringement of his constitutional protection from unreasonable search. No reasonable expectation of privacy can be asserted with respect to an object or activity which is open and visible to the public when the presence of members of the public may reasonably be anticipated. *State v. Stachler, supra*. The possibility that laundry on the line might fortuitously provide a screen did not substantially diminish the exposure of the plants to the observation of the many persons of varying relationships or interest who might enter the premises by way of the driveway. Appellant could not reasonably have had an expectation of privacy with respect to observation of the plants from the driveway.

Although appellant might reasonably have expected that the plants would escape observation from the portions of his property which were not open to the public, we conclude that by exposing the plants to observation from the open driveway which served his residence he negated the reasonable expectation of privacy upon which depends the constitutional protection he claims. As was demonstrated in *State v. Hook, supra*, private property which is open to the public is to be equated with public property in appraising the reasonableness of privacy expectations. "A sidewalk, pathway, common entrance or similar passageway offers an implied permission to the public to enter which necessarily negates any reasonable expectation of privacy in regard to observations made there." *Lorenzana v. Superior Court*, 9 Cal. 3d 626, 629;

108 Cal. Rptr. 585, 587 (1973).[1] Possessing no reasonable expectation of privacy with respect to visual observation of the plants, appellant cannot assert that the observation which furnished probable cause for the issuance of the search warrant in this case infringed the constitutional guarantees against unreasonable search.

Affirmed.[2]

*Rogers M. Ikenaga* for defendant-appellant.

*Andrew Wilson*, Deputy Prosecuting Attorney *(Paul M. de Silva*, Prosecuting Attorney, on the brief) County of Hawaii, for plaintiff-appellee.

---

[1] In addition to *Lorenzana*, the following cases treat a privately owned driveway as open to the public and therefore constitutionally unprotected as to searches and seizures made there. *People v. Moore*, 51 Cal. App. 3d 610, 124 Cal. Rptr. 290 (1975), *cert. denied* 425 U.S. 977 (1976); *People v. Superior Court (Irwin)*, 33 Cal. App. 3d 475, 109 Cal. Rptr. 106 (1973); *People v. King*, 5 Cal. App. 3d 724, 85 Cal. Rptr. 461 (1970); *People v. McGahey*, 500 P.2d 977 (Colo. 1972); *State v. Crea*, 305 Minn. 342, 233 N.W.2d 736 (1975).

[2] Justice Kobayashi, who heard oral argument in this case, retired from the court on December 29, 1978. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."