STATE OF HAWAII, Plaintiff-Appellee, *v.* PATRICIA ANN KNIGHT, Defendant and ROBERT RAPP, Defendant-Appellant

NO. 7246

DECEMBER 29, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per Curiam.* Appellant Robert Rapp was convicted by the third circuit court in a bench trial for illegal possession of drugs under Section 712-1247(1)(e),[1] HRS, and for a building code violation under Section 301(a) of the Uniform Building Code, County of Hawaii.

Before trial, the court denied appellant's motion to suppress evidence. Appellant's motion claimed that the police surveillance of his property both by the use of a helicopter and by the use of

---

[1] § 712-1247 *Promoting a detrimental drug in the first degree.* (1) A person commits the offense of promoting a detrimental drug in the first degree if he knowingly:

(e) Possesses one or more preparations, compounds, mixtures, or substances of an aggregate weight of two and two-tenths pounds or more, containing any marijuana;

high-powered binoculars violated his constitutional expectation of privacy; therefore, the evidence seized by the police under the aegis of a search warrant supported by the foregoing surveillance was tainted and subject to suppression.

We reverse appellant's conviction as we hold that the trial court erred in failing to grant his motion to suppress.

## I.

Appellant and his wife[2] are lessees of a piece of property in the Middle Keei Road, Keei, South Kona, Hawaii. Their property is totally secluded from such road and is surrounded by a kukui forest, except for one house below their property.

Situated on appellant's property is a two-story wooden frame building, a detached garage, a sauna bath, a water tank, and a greenhouse, 60 feet by 90 feet in dimension, approximately 45 feet away from the frame building. The roof of the greenhouse is covered with opaque polyethylene, and the sides are wrapped with 80% shade cloth of black fiber glass material.

On August 10, 1977, the Hawaii County police were conducting a helicopter surveillance in the Kona area in search of marijuana plants. From approximately 400-500 feet altitude,[3] the police observed appellant's premises. From the helicopter, the police were unable to determine what was in the greenhouse because of the opaque roof. However, they photographed the greenhouse.

Subsequently, on August 29, 1977, the police worked their way around appellant's property through a neighboring property on foot, and from a vantage point of about 100 yards from the greenhouse, using 7 x 50 high-powered binoculars, they conducted a surveillance of the greenhouse. After about two hours, with the aid of their binoculars, they concluded that what they saw in the greenhouse were marijuana plants.

---

[2] Appellant's wife, Patricia Knight, was convicted of the same offenses but she did not choose to appeal her convictions.

[3] Although there was a conflict of evidence as to the height of the helicopter, the trial judge resolved the conflict and found that the helicopter was 400-500 feet above appellant's premise. We adopt the trial judge's findings.

The police later learned from the building department that no permit was ever issued for the construction of the greenhouse.

Based upon their accumulated information,[4] the police obtained a search warrant from the district judge to search the greenhouse.[5]

On the morning of September 1, 1977, the officers conducted the search. One officer went through the house and saw some scales, large sacks and some dried leaves appearing to be marijuana. The other officers, searching the greenhouse, discovered marijuana plants.

Based upon the evidence discovered in the greenhouse and residence, the police were able to obtain another search warrant, authorizing them to search the rest of appellant's premises. The warrant was executed in the afternoon of the same day, and the police were able to uncover other incriminating evidence.

## II.

Appellant's basic thrust in support of suppression is that the police violated his constitutionally protected reasonable expectation

---

[4] The police affidavit stated in part:
    That on August 29, 1977 at 11:30 a.m., your affiant observed the following:
        From a neutral vantage point, approximately 100 yards away, your affiant observed, with the use of 7 x 50 powered binoculars, two marihuana plants about 5 feet in height growing in a greenhouse hereinbefore described;
        That your affiant, on August 31, 1977, spoke with OFFICER ROBERT HICKCOX, a police officer with the Hawaii County Police Department assigned to the Kona Police Station. OFFICER HICKCOX stated he was in the Hawaii County helicopter on August 10, 1977, flying in the area of middle Keei, South Kona, and took photographs of the above-described residence and buildings. . . ; that your affiant, in viewing the greenhouse . . . observed the greenhouse to be about 90 feet long, 60 feet wide, with two levels, the first about 12 feet in height and the second about 14 feet in height; that visible within the greenhouse are about three rows of green plants about 5 feet to 6 feet in height; that your affiant could observe the two plants described above and bases his opinion, among other things, on the color, shape of leaves, shape of the plant, and method of planting system; that also within the greenhouse your affiant observed what appeared to be white plastic tubing over the rows of the plants, believed to be the overhead sprinkling system for the plants;
        . . . [T]hat your affiant has formed the expert opinion that the plants he observed on the premises hereinbefore described are marihuana;

[5] The search warrant also allowed the police to search for documents indicating purchase of materials used in the construction of the greenhouse.

of privacy. *Katz v. United States,* 389 U.S. 347 (1967). Since the evidence gathered by the police through illegal means was tainted and was "fruit of the poisonous tree," this evidence was subject to a motion to suppress. *Wong Sun v. United States,* 371 U.S. 471 (1963); *Silverthorne Lumber Co. v. United States,* 251 U.S. 385 (1920); *State v. Boynton,* 58 Haw. 530, 535, 574 P.2d 1330, 1334 (1978); *State v. Kitashiro,* 48 Haw. 204, 216, 397 P.2d 558, 565 (1964).

We first review the helicopter surveillance by the police. In *State v. Stachler,* 58 Haw. 412, 570 P.2d 1323 (1977), we upheld an aerial observation by the police made from a helicopter operating at a reasonable height. The observation was of a marijuana patch growing in an open field. We held that there was no search in the constitutional sense because the officer's observation fell within the parameters of the open-view doctrine. *Id.* at 420, 570 P.2d at 1328-29.

We find no offensive conduct by the police in their observation of appellant's premises and appurtenances; since they were in open view, they were not constitutionally protected.

We now review the use of the binoculars by the police to determine what was in the greenhouse. The lower court did not have the benefit of *State v. Ward,* 62 Haw. 509, 617 P.2d 568 (1980), when it denied the motion to suppress. *Ward* involved a binocular search of an apartment. We held that the use of binoculars by the police as a visual aid to the naked eye to view activities within the apartment constituted a search; that such search violated defendant's expectation of privacy and was therefore unconstitutional.

We consider our ruling of *Ward* applicable to the instant case. Obviously, the police from 100 yards away at their vantage point were unable to see what was in the greenhouse which was covered by the shade cloth; to do so they resorted to the use of their binoculars. The use of the binoculars to view the contents of the greenhouse which were not visible to the naked eye violates *Ward.*

As *Katz* held, the fourth amendment protects people and not places; that people are protected from unreasonable governmental intrusion into constitutionally protected areas where people have exhibited an expectation of privacy. And, the expectation-of-privacy test as we stated in *State v. Kender,* 60 Haw. 301, 588 P.2d 447 (1978), must be measured in terms of all factors on a case-by-case basis. We hold that the greenhouse under the circumstances of this case was

entitled to constitutional protection. Appellant's premises were located in a remote area, surrounded by vegetation and forest. The greenhouse was covered by materials so that the naked eye was unable to observe what was therein. The evidence is abundantly clear that appellant exhibited a reasonable expectation of privacy; and the police intruded upon his constitutional privacy.

Because the search warrant for the greenhouse was based upon an illegal search by the police, we are required to hold under *Wong Sun, supra,* that the evidence seized under the warrants was tainted, was "fruit of the poisonous tree," and cannot be used to obtain appellant's conviction. This principle of law is deeply ingrained in our constitution.

### III.

We reserved for further discussion the documents seized by the police pursuant to the search warrant. *See* footnote 5 *supra.*

The record is unmistakable that the affidavits of the police did not provide facts and circumstances to justify a man of reasonable caution to believe that the documents were in the greenhouse, nor facts and circumstances to show that such documents if discovered were in all probability tied to the construction of the greenhouse. Lacking such facts and circumstances, the affidavits failed to show probable cause to authorize the search for such documents in the greenhouse, and their seizure must also be voided. Rule 41(d), Hawaii Rules of Penal Procedure. *United States v. Feldman,* 366 F.Supp. 356 (D. Hawaii 1973); *see also United States v. Lucarz,* 430 F.2d 1051 (9th Cir. 1970). Lacking probable cause, the search of the greenhouse cannot be justified as an administrative search. To condone the search as an administrative search would constitute a pretext that would make a mockery of our basic constitutional protection.

Reversed.

*Duff Zwald (David Bettencourt* with him on the brief), for defendant-appellant.

*Frederick Giannini,* Deputy Prosecuting Attorney, County of Hawaii, for plaintiff-appellee.