STATE OF HAWAII, Plaintiff-Appellee, *v.* LEROY LAWRENCE HOLBRON, also known as Lee, Defendant-Appellant

NO. 7980

(CRIMINAL NO. 54054)

JULY 20, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ.; AND RETIRED JUSTICES OGATA AND MENOR ASSIGNED TEMPORARILY

*Per Curiam.* This appeal by defendant-appellant Leroy Lawrence Holbron (hereinafter "appellant") from his jury conviction of promoting a detrimental drug in the first degree under HRS § 712-1247(1)(e) (1976)[1] raises the question of whether the trial court erred in denying his pretrial motion to suppress incriminating evidence seized by the police under a search warrant. He contends that the initial search to support probable cause for the search warrant was done in violation of his constitutional rights.[2]

Honolulu police officer Mark Logan received an anonymous telephone message reporting that approximately forty kilos of marijuana were being grown at 5147 Keikilani Circle. In checking the address, he observed a house with a backyard enclosed by a seven-foot high wooden fence, which prevented him from seeing into the backyard. However, from a vantage point on public tennis courts adjacent to the backyard, 30 to 35 feet from the fence, the officer saw the tops of what he believed to be marijuana plants through a two-inch break in the upper half of the fence.

Moving to a vantage point on a hill approximately 300 meters away across the street from the residence, he could see what appeared to be marijuana plants within the fenced yard. The officer thereafter used binoculars for a magnified view. During this surveillance, the officers observed appellant touch a marijuana plant on two occasions.

---

[1] § 712-1247 *Promoting a detrimental drug in the first degree.* (1) A person commits the offense of promoting a detrimental drug in the first degree if he knowingly:

. . . .

(e) Possesses one or more preparations, compounds, mixtures, or substances of an aggregate weight of two and two-tenths pounds or more, containing any marijuana.

[2] Fourth amendment, United States Constitution, and art. I, § 7, Hawaii State Constitution.

The following morning, Officer Logan obtained and executed a warrant to search the backyard and house. The search resulted in the recovery of marijuana plants from the backyard and prepared marijuana from within the house.

A governmental intrusion into matters in which an individual had exhibited a "reasonable expectation of privacy" is a search within the meaning of the fourth amendment. *State v. Boynton,* 58 Haw. 530, 535, 574 P.2d 1330, 1334 (1978); *State v. Stachler,* 58 Haw. 412, 416, 570 P.2d 1323, 1326 (1977).

In our past determinations of whether a reasonable expectation of privacy existed under the constitution, we have considered the nature of the place involved, the precautions taken by the defendant to insure his privacy and the position of the government officer. *See State v. Kender,* 60 Haw. 301, 588 P.2d 447 (1978); *State v. Kaaheena,* 59 Haw. 23, 575 P.2d 462 (1978); *State v. Boynton, supra; State v. Stachler, supra.*

Where an object observed by the police is in "open view,"[3] it "is not subject to any reasonable expectation of privacy and the observation is not within the scope of the constitution." *State v. Kaaheena, supra* at 29, 575 P.2d at 467; *State v. Stachler, supra* at 417-18, 570 P.2d at 1327.

In *State v. Hook,* 60 Haw. 197, 587 P.2d 1224 (1978), a police officer testified that, while in his parked automobile in the public street, he observed and recognized the tops of marijuana plants growing in the rear of the defendant's stairway. This court, finding that the lack of concealment or isolation from view of the plants negated any reasonable expectation of privacy on the part of the defendant, found no fourth amendment violation with respect to these observations.

Similarly, in *State v. Brighter,* 60 Haw. 318, 589 P.2d 527 (1979), we held that where marijuana plants were visible from the defen-

---

[3] In State v. Kaaheena, 59 Haw. 23, 28-29, 575 P.2d 462, 467 (1978), we explained "open view" as follows:

In the "open view" situation, however, the observation takes place from a non-intrusive vantage point. The governmental agent is either on the outside looking outside or on the outside looking inside to that which is knowingly exposed to the public. *See* Moylan, *The Plain View Doctrine: Unexpected Child of the Great "Search Incident" Geography Battle,* 26 Mercer L. Rev. 1047, 1096, 1097 (1975).

dant's open driveway under normal conditions, the defendant could not reasonably have harbored an expectation of privacy with respect to observation of the plants from that vantage point.

As in *Hook* and *Brighter,* the marijuana plants in the instant case were visible to members of the public. Appellant could not reasonably have had an expectation of privacy with respect to observations of the plants from the tennis courts; thus, he cannot invoke the constitutional protection against unreasonable searches.

Although the officer used binoculars to view the plants, its use did not render the evidence inadmissible; its use is one of the factors to be considered. *State v. Ward,* 62 Haw. 509, 617 P.2d 568 (1980); *United States v. Kim,* 415 F. Supp. 1252 (D. Hawaii 1976); *People v. Arno,* 90 Cal.App.3d 505, 153 Cal. Rptr. 624 (1979).

We have held that where the police use binoculars as an optical aid to view that which could not be seen without them, the observation constituted an unconstitutional search. *See State v. Knight,* 63 Haw. 90, 93, 621 P.2d 370, 373 (1980); *State v. Ward, supra* at 517, 617 P.2d at 573. We now hold that where binoculars are used only to confirm unaided observations into an area where appellant has no reasonable expectation of privacy, the surveillance does not constitute an unlawful search. *See People v. Vermouth,* 42 Cal.App.3d 353, 116 Cal. Rptr. 675 (1974); *State v. Harp,* 48 Or. App. 185, 616 P.2d 564 (1980).

We conclude the police observation of the plants did not infringe upon appellant's constitutional guarantee against unreasonable search.

We find no merit to other issues raised. Hence, we affirm the conviction.

*Myles T. Yamamoto (Conklin, Schneider & Love,* a Law Corporation) on the briefs for defendant-appellant.

*Arthur E. Ross,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellee.