STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ISAIAH I. KINI, Defendant-Appellant
No. 27662
Intermediate Court of Appeals of Hawaii.
July 14, 2008.
On the briefs:
Stuart N. Fujioka, (Nishioka & Fujioka), for Defendant-Appellant.
Sonja P. McCullen, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER [OJ]
FOLEY and NAKAMURA, JJ.; WATANABE, Presiding Judge, concurring separately [MT]
Defendant-Appellant Isaiah I. Kini (Kini) appeals from the Judgment of Conviction and Probation Sentence filed on December 5, 2005 in the Circuit Court of the First Circuit (circuit court).[1]
A jury found Kini guilty of Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1243 (Supp. 2007). The circuit court sentenced Kini to five years of probation.
On appeal, Kini argues that the circuit court erred by denying his Motion for Suppression of Evidence (Motion to Suppress) because (1) the police did not have valid consent to enter his personal residence, a downstairs room in a house on Krauss Street (hereinafter, the Krauss Street house), and (2) the police did not knock and announce themselves before entering his downstairs residence, thus nullifying the officers'"plain view" justification for seizing drug paraphernalia they found there. Related to these arguments is his contention that in the circuit court's June 17, 2005 Order Denying Defendant's Motion to Suppress Evidence (Order Denying Motion to Suppress), Conclusions of Law (COLs) 3 through 6 are wrong.
Additionally, Kini contends that Finding of Fact (FOF) 7 in the Order Denying Motion to Suppress is clearly erroneous because the police first observed him after entering his residence, not from outside the Krauss Street house, and that FOF 10 in the order is clearly erroneous because "Maldonado did not have the 6/23/04 document in her possession at the time of [Kini's] arrest, nor did the police take any action to verify her interest in [the Krauss Street house]."
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Kini's points of error as follows:
(1) The circuit court did not abuse its discretion by denying Kini's Motion to Suppress, and COLS 3 through 6 are not wrong because
(a) the police officers did not conduct a "search" of the downstairs room of the Krauss Street house and, therefore, did not need consent to enter that room; see State v. Lopez, 78 Hawaii 433, 441-42, 896 P.2d 889, 897-98 (1995); State v. Tau`a, 98 Hawaii 426, 434, 49 P.3d 1227, 1235 (2002); State v. Bonnell, 75 Haw. 124, 142-43, 856 P.2d 1265, 1275 (1993); State v. Knight, 63 Haw. 90, 93, 621 P.2d 370, 373 (1980); State v. Mattiello, 90 Hawaii 255, 259, 978 P.2d 693, 697 (1999); Minnesota v. Carter, 525 U.S. 83, 89, 119 S. Ct. 469, 473 (1998); State v. Matias, 51 Haw. 62, 66, 451 P.2d 257, 260 (1969); State v. Elderts, 62 Haw. 495, 496-98, 617 P.2d 89, 90-91 (1980); State v. Price, 55 Haw. 442, 443, 521 P.2d 376, 377 (1974); and State v. Mahone, 67 Haw. 644, 646, 701 P.2d 171, 173 (1985); and
(b) the police officers were not required to knock and announce themselves before entering the downstairs room; see HRS § 803-11 (1993).
(2) FOF 7 is clearly erroneous, as the State concedes, because the undisputed evidence indicates that the police were already in the Krauss Street house when they first observed Kini hide an ice pipe under a beige pair of pants; however, the error was harmless. Hawai`i Rules of Penal Procedure Rule 52(a).
(3) FOF 10 is not clearly erroneous because although the evidence in the record on appeal shows that Maldonado did not physically possess or show to the police officers the June 23, 2004 document at the time of Kini's arrest, the evidence shows that she did possess the document at that time. Further, the FOF does not concern the police officers' actions, including whether they verified Maldonado's interest in the Krauss Street house.
Therefore,
IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence filed on December 5, 2005 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Virginia Lea Crandall presided.